**Edward STEIN, Plaintiff–Appellant,**

**v.**

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

**No. 90–3112.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 7, 1991.

Decided July 8, 1992.

---

Frederick J. Daley, Chicago, Ill. (argued), for plaintiff-appellant.

Sharon J. Coleman, Asst. U.S. Atty., Office of U.S. Atty., Crim. Div., Michael C. Messer (argued), Dept. of Health and Human Services, Region V, Office of Gen. Counsel, Chicago, Ill., for defendant-appellee.

Before BAUER, Chief Judge, POSNER and MANION, Circuit Judges.

BAUER, Chief Judge.

Having previously remanded this case to the district court, we have set out at length the relevant facts in our prior disposition. *See Stein v. Sullivan*, 892 F.2d 43 (7th Cir.1989). For the purposes of this narrow appeal, we need only recite the procedural posture of the appellant's claims.

In January 1980, Edward Stein first applied for Social Security disability benefits, alleging April 15, 1979, as the onset date of his disability. His application was denied initially and then again upon reconsideration. Stein reapplied for benefits in October 1980, alleging an onset date of September 23, 1978. This claim, too, was denied. Stein did not appeal. One year later, Stein filed yet another application for benefits, alleging an onset date of September 15, 1978. This claim was denied initially, again on reconsideration, and then again after a hearing before an administrative law judge ("ALJ"). The Department of Health and Human Services Appeals Council ("Appeals Council") upheld the ALJ's decision on April 29, 1983. Stein sought review of the Council's decision in the district court.

In January 1985, the district court remanded Stein's claim for benefits. On remand, the ALJ held a second hearing to consider additional evidence. In October 1986, the ALJ issued a favorable decision, finding that Stein had been disabled since September 23, 1978. The ALJ also recommended that Stein's two previous applications be reopened. In April 1987, the Appeals Council modified the ALJ's decision: it refused to reopen Stein's two previous applications and issued a final administrative decision finding that Stein was entitled to disability benefits as of October 9, 1981.

In May 1987, Stein applied to the district court for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d),[1] for fees and expenses incurred during the post-remand phase of the litigation. Stein did not request fees for the administrative proceeding following remand. In August 1987, the district court determined that the government's position in the original litigation was not substantially justified and awarded Stein his requested $4,547.50 in fees under EAJA. In March 1988, Stein sought to reinstate his case in the district court, challenging the decision that he was not disabled until October 9, 1981. The parties filed cross-motions for summary judgment. The district court ruled for the defendant-appellee, the Secretary of Health and Human Services (the "Secretary"). Stein appealed.

In January 1990, we remanded the case so that the Secretary could articulate more completely its assessment of the relevant evidence regarding the onset of Stein's disability. On remand, the Secretary, by the Appeals Council, determined that Stein's disability commenced on September 23, 1978. With this new onset date established, Stein filed another application for attorneys' fees under EAJA. Stein sought fees for the administrative and court proceedings following the 1985 remand. The Secretary opposed the award on the grounds that his position following the remand had been substantially justified.

In July 1990, the district court granted in part and denied in part Stein's claim. The court denied fees incurred for work before the district and appellate courts and granted those fees for work before the Secretary on remand. *See Stein v. Sullivan*, 1990 WL 114479, * 1–2 (N.D.Ill. July 31, 1990). Stein now seeks review of the district court's order partially denying his motion for attorneys' fees.

On appeal, Stein raises two broad challenges to the district court's decision: that the Secretary's position before the district and appellate courts was not substantially justified, and that the district court abused its discretion by denying partially his EAJA claim. Neither claim persuades us. Instead, we affirm the district court's order denying in part and granting in part Stein's claim for fees. Given our standard of review, we hold that the district court did not abuse its discretion. *See Pierce v. Underwood*, 487 U.S. 552, 562, 108 S.Ct. 2541, 2548, 101 L.Ed.2d 490 (1988) ("[T]he question whether ... [a] position has been 'substantially justified' is precisely such a multifarious and novel question, little susceptible, ... of useful generalization, and likely to profit from the experience that an abuse-of-discretion rule will permit to develop. ... [A]n abuse-of-discretion standard ... will permit that needed flexibility.").

■ The district court correctly found that the Secretary's position in court was substantially justified. Stein argues, as he did in the district court, that the Secretary failed to abide by a well-settled rule of law that requires the Secretary, who has delegated his authority to the ALJ and Appeals Council, to articulate that he considered all the evidence in the case before arriving at a decision. *See* Appellant's Brief at 10. The district court properly rejected this argument. While the court recognized the existence of the rule requiring the Secretary to articulate his assessment of the evidence, the district court noted that the level of articulation required is far from precise. We agree. The requirement that the ALJ articulate his consideration of the evidence is deliberately flexible. *See Brown v. Bowen*, 847 F.2d 342, 346 (7th Cir.1988) ("It is enough if the ALJ indicates the path of decision.... The administrative tribunal need not spell out every step in the reasoning, if it provides enough of the steps that the full course may be discerned."); *Burnett v. Bowen*, 830 F.2d 731, 735 (7th Cir.1987) ("[A]n ALJ is not required to evaluate every piece of

---

1. 28 U.S.C. § 2412(d)(1)(A) provides:
   [A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

320

testimony and submitted evidence; however, he must articulate at some minimum level his analysis of the evidence in cases in which considerable evidence is presented...." (citations omitted)); *Stephens v. Heckler,* 766 F.2d 284 (7th Cir.1985) ("We require only a minimum level of articulation by the ALJ as to his assessment of the evidence." (quotations omitted)).

■ That the ALJ failed to meet this articulation requirement in no way necessitates a finding the Secretary's position was not substantially justified. "Substantially justified" does not mean "justified to a high degree," but rather has been said to be satisfied if there is a "genuine dispute," or if reasonable people could differ as to the appropriateness of the contested action. *Pierce,* 487 U.S. at 565, 108 S.Ct. at 2550 (quotations omitted). As the district court correctly noted, we did not find in our earlier opinion that the Secretary lacked substantial justification. We held only that there was some contrary evidence that the Secretary failed to consider, or at least failed to articulate that he considered. *See Stein,* 892 F.2d at 47. There was evidence to support the Secretary's position. A genuine dispute existed. Thus, we detect no error in the district court's finding that the Secretary's position was substantially justified.

■ Nor do we believe that the district court abused its discretion by denying in part Stein's claim for attorneys' fees. The court found that Stein was entitled to fees for the administrative proceeding following the 1985 remand. After all, the district court previously had determined that stage of the proceedings to be not substantially justified. When, in 1987, Stein was awarded fees for the court proceedings leading to remand, he did not request fees for the administrative proceedings following remand. In *Sullivan v. Hudson,* 490 U.S. 877, 892, 109 S.Ct. 2248, 2257–58, 104 L.Ed.2d 941 (1989), the Supreme Court held that such fees are permitted under EAJA. Thus, following *Sullivan,* the district court awarded administrative fees, excluding only those charges covered in the first award. We find no error in this reasoning.

*See Ferrell v. Pierce,* 743 F.2d 454, 466 (7th Cir.1984) (The district court will be found to have abused its discretion only if we are "left with a definite and firm conviction that a mistake has been made.")

For the foregoing reasons, the judgment of the district court is

AFFIRMED.