Kenneth **CARLSON**, Plaintiff–Appellant,

v.

Donna E. **SHALALA**,* Secretary of Health and Human Services, Defendant–Appellee.

No. 92–1952.

United States Court of Appeals, Seventh Circuit.

Submitted April 20, 1993.

Decided April 30, 1993.

Opinion July 13, 1993.

---

* Donna E. Shalala is substituted for her predecessor, Louis W. Sullivan, as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1).

James Balanoff, Munster, IN, for plaintiff-appellant.

Kelly Rausch Larson, Dept. of Health and Human Services, Region V, Office of the Gen. Counsel, Chicago, IL, for defendant-appellee.

Before COFFEY, FLAUM, and ROVNER, Circuit Judges.

PER CURIAM.

Kenneth Carlson appeals from the district court's decision affirming the decision of the Secretary of Health and Human Services to deny Carlson social security disability insurance benefits. Carlson's medical history reveals a myocardial infarction in 1976, a triple bypass operation in 1983, and an angioplasty in 1987. Carlson worked as a pipefitter construction worker until July 22, 1988. He applied for disability benefits in November 1988, claiming to be disabled due to heart disease and degenerative joint disease. His application was denied initially and upon reconsideration. Carlson sought review of this decision by requesting a hearing before an Administrative Law Judge ("ALJ"). After the hearing on August 9, 1989, at which both Carlson and his wife testified to Carlson's pain and limited activities, the ALJ found that Carlson had the ability to perform light work and thus was not disabled. Consequently, the ALJ denied Carlson disability benefits. The Appeals Council denied Carlson's request for review. Carlson then filed a complaint against the Secretary in district court. The district court granted the Secretary's motion for summary judgment, finding that the ALJ's decision was supported by substantial evidence. We affirmed in an unpublished order. Circuit Rule 53. At the request of the Secretary, we have decided to publish a portion of that order (with some modifications).

Carlson objects to the ALJ's failure to discuss his wife's testimony, which essentially corroborated Carlson's account of his pain and daily activities. We have repeatedly stated that the ALJ need not evaluate in writing every piece of testimony and evidence submitted. *Stephens v. Heckler,* 766 F.2d 284, 287 (7th Cir.1985); *Zblewski v. Schweiker,* 732 F.2d 75, 79 (7th Cir.1984). What we require is that the ALJ sufficiently articulate his assessment of the evidence to "assure us that the ALJ considered the important evidence ... [and to enable] us to trace the path of the ALJ's reasoning." *Stephens,* 766 F.2d at 287. If the ALJ were to ignore an entire line of evidence, that would fall below the minimal level of articulation required. *Zblewski,* 732 F.2d at 78–79. But this is not such a case. The ALJ explicitly addressed Carlson's testimony concerning his pain and daily activities. Mrs. Carlson's testimony was essentially redundant. This is not like other cases where, because the ALJ failed to consider an entire line of evidence, we concluded that he provided insufficient reasons. *See Young v. Secretary of Health and Human Services,* 957 F.2d 386, 392 (7th Cir.1992) (failure to discuss claimant's testimony, his wife's affidavits, or the reports of three doctors); *Stein v. Sullivan,* 892 F.2d 43, 47 (7th Cir.1989) (failure to discuss any of the relevant medical evidence from claimant's treating physician); *Halvorsen v. Heckler,* 743 F.2d 1221, 1226 (7th Cir.1984) (failure to discuss claimant's uncontradicted testimony). The ALJ did not err by failing to discuss Mrs. Carlson's testimony explicitly.

AFFIRMED.