51 F.3d 275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Maria D. GARZA, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services of
the United States of America, Defendant-Appellee.
 No. 93-3660.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 4, 1995.*
Decided April 6, 1995.
 
 Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Maria Garza, who seeks disability insurance benefits under 42 U.S.C. Secs. 416(i) and 423, appeals from the district court's affirmance of the Secretary's denial of benefits. Garza claims that the Administrative Law Judge (ALJ) erroneously discounted evidence concerning pain and functional limitations and thus that his finding that she retained sufficient residual functional capacity to perform certain jobs is not supported by substantial evidence on the record as a whole.[1]
 
 
 2
 Since the Appeals Council declined to review the ALJ's decision, the ALJ's findings constitute the final decision of the Secretary. Herron v. Shalala, 19 F.3d 329, 332 (7th Cir.1994) (citations omitted). "We will affirm the Secretary's decision if it supported by substantial evidence. ... Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Id. at 333 (citations omitted). "Although we review the entire record, we may not decide the facts anew, reweigh the evidence, or substitute our own judgment for that of the Secretary." Id. (citations omitted).
 
 
 3
 "The claimant suffers from the 'severe' impairments of degenerative disc disease of the cervical and lumbar spine, and a fibromyalgia syndrome." (Admin.R. at 33.) She has mild bulging of the L4-5 and C5-6 discs and probable carpal tunnel syndrome in her right arm. The ALJ found that her medical condition and the accompanying pain would prevent her from performing medium and heavy work. Nonetheless, relying on the testimony of a vocational expert, he found that a significant number of jobs existed in the local and national economies that she could perform.
 
 
 4
 Garza contends that the ALJ applied an improper legal standard for evaluating her pain, which affects her capacity to work, by requiring objective medical evidence to support the extent of its severity. Evaluating the effect of symptoms such as pain on the residual functional capacity to work involves a two-step process. Pope v. Shalala, 998 F.2d 473, 482, 486 (7th Cir.1993). First, the ALJ determines whether a physical condition exists that could give rise to such pain. Second, if such a condition is established, the ALJ must assess the other available evidence in addition to the objective laboratory findings and medical signs to evaluate the intensity and persistence of the symptom and its affect on the claimant's capacity to work. 20 C.F.R. Sec. 404.1529 (1991); Luna v. Shalala, 22 F.3d 687, 691 (7th Cir.1994); Pope, 998 F.2d at 486 (holding that Sec. 404.1529 applies retroactively). In this case, the ALJ found that Garza's condition not only could, but did give rise to some pain. With respect to the second step, he stated that he relied on the criteria listed under SSR 88-13. Furthermore, his analysis used evidence apart from the objective medical signs and laboratory findings, see 20 C.F.R. Sec. 404.1528 (defining laboratory findings and medical signs), such as her medication and other treatments,[2] her alleged daily activity of doing little more than watching television, and his own observations of her during the hearing. The ALJ did not apply an incorrect legal standard.
 
 
 5
 Garza contends that the ALJ failed to provide sufficient factual findings to support his assessment of the extent of her pain.[3] An ALJ must articulate reasons for accepting or rejecting entire lines of evidence. Herron, 19 F.3d at 333. However, although the ALJ may not selectively discuss only the evidence that favors his ultimate conclusion, "a written evaluation of each piece of evidence or testimony is not required." Id. "We require the ALJ to discuss specific evidence only if that evidence goes uncontradicted." Walker v. Bowen, 834 F.2d 635, 643 (7th Cir.1987). Although we may wish that the ALJ had been more detailed in his analysis, "the ALJ [has] sufficiently articulate[d] his assessment of the evidence to 'assure us that the ALJ considered the important evidence ... [and to enable] us to trace the path of the ALJ's reasoning.' " Carlson v. Shalala, 999 F.2d 180, 181 (7th Cir.1993). For example, the written testimony of Garza's roommate, which generally corroborated Garza's own testimony, did not need explicit discussion. Id.
 
 
 6
 The record certainly indicates that Garza suffered from pain. However the ALJ found her testimony concerning the extent of her symptoms less than fully credible. "[W]e usually do not upset credibility determinations on appeal so long as they find some support in the record and are not patently wrong." Herron, 19 F.3d at 335. A variety of evidence supports the ALJ's credibility finding. First, the ALJ could rely in part upon his observation of her lack of symptomatic pain behavior during the hearing. See Dray v. Railroad Retirement Bd., 10 F.3d 1306, 1314 (7th Cir.1993) (citation omitted) (holding that, based on analogous law of Social Security disability benefits, hearing officer could rely in part on own observations during hearing concerning claimant's pain). Second, Garza herself testified that she could fold laundry and drive a car. Third, the medical evidence repeatedly describes her spondylosis and bulging of her discs as "mild" and "minimal." (Admin.R. at 147, 185.) On July 12, 1990, Dr. Bosch, the neurologist, recommended low impact aerobics, as did a physical therapist who had seen her just over a week before. (Admin.R. at 131, 151.) Dr. Bosch also doubted that the areas of spondylosis in her spine were the primary cause of her recurrent complaints, but he did not elaborate on this speculation. (Admin.R. at 132.) Although not directly referred to in his assessment of the credibility of her pain testimony, the ALJ also noted that Garza had overstated her level of education in her application, which she often did on forms in order to improve her chances of obtaining employment. The ALJ's credibility determination of Garza's testimony concerning the extent of her pain is not patently wrong. Given this determination, his assessment of the effect of her pain on her residual functional capacity is supported by substantial evidence.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Although this case was originally set for oral argument, this court granted Appellant's motion to waive oral argument. This court subsequently issued a notice that provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Garza also argues that the vocational expert's testimony did not constitute substantial evidence for the ALJ to rely upon. However, Garza may not raise arguments on appeal that were not raised in the district court. Young v. Secretary of Health & Human Servs., 957 F.2d 386, 389 n. 2 (7th Cir.1992). In the district court, Garza mentioned in passing that the vocational expert had been impeached, but she argued that the ALJ had erred by relying on the medical-vocational guidelines in order to avoid using at all the vocational expert's testimony, which would have been favorable to her. The district court found that the ALJ had in fact relied upon the vocational expert's testimony and used the guidelines only as a framework. Cf. Herr v. Sullivan, 912 F.2d 178, 181 n. 3 (7th Cir.1990)
 
 
 [2]
 We note that the ALJ stated that "her treating physician has not proscribed all work-related activity." (Admin.R. at 34.) Although this statement is not accurate, (see Admin.R. at 163), the record contains substantial evidence to support the ALJ's analysis, (see Admin.R. at 131, 159 (limiting her work in part) & 171 (noting lack of support for doctor's assessment))
 
 
 [3]
 With respect to Garza's claim that the ALJ breached his duty to make specific inquiries to herself, her physicians and third parties concerning the factors in SSR 88-13, she raises this point for the first time on appeal and therefore has forfeited it. However, we note that the ALJ made such specific inquiries to Garza herself. Cf. Luna, 22 F.3d at 691 (holding that if the objective medical evidence does not support the alleged extent of pain, "the ALJ must obtain detailed descriptions of claimant's daily activities by directing specific inquiries about the pain and its effects to the claimant."). In addition, Garza also forfeited her claims concerning the additional non-exertional impairments of numbness, which caused her to fall several times, and her inability to bend by not raising them before the Appeals Council. Pope, 998 F.2d at 480 n. 6