92 F.3d 1187
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kelcie HERRON, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security
Administration, Defendant-Appellee.
 No. 95-2442.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 31, 1996.
Decided Aug. 2, 1996.
 
 Before POSNER, Chief Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In Herron v. Shalala, 19 F.3d 329 (7th Cir.1994) (" Herron I "), Kelcie Herron appealed the district court's order affirming the denial of disability benefits by the Secretary of Health and Human Services. We vacated the judgment and remanded to the ALJ for further articulation of his reasoning. Following our remand, Herron petitioned the district court for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the ground that he was the prevailing party. See Shalala v. Shaefer, 509 U.S. 292, 300-02 (1993). The district court denied his petition. Herron appeals.
 
 
 2
 We review the district court's denial of a petition for attorney's fees under the EAJA for abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 562 (1988). In ruling on Herron's petition, the district court had to determine whether the Secretary's decision to defend the ALJ's denial of benefits was "substantially justified." 28 U.S.C. § 2412(d)(1)(A).[1] In other words, the district court had to determine whether the Secretary's decision was "justified in substance or in the main" or "justified to a degree that could satisfy a reasonable person." See id. at 2550. Therefore, in order to assess whether the district court abused its discretion in denying Herron's petition, we must briefly review our reasons for vacating and remanding in Herron I.
 
 
 3
 In Herron I, we vacated the judgment denying benefits and remanded to the Secretary for two reasons. First, the ALJ had rejected Herron's claim that his hand was impaired, but we determined that the ALJ had failed to articulate adequately his reason for rejecting this claim. We concluded that a remand was necessary so the ALJ could consider the evidence relating to Herron's alleged hand impairment and make findings on the matter. Herron I, 19 F.3d at 334. Second, the ALJ had found not credible, for various reasons, Herron's claim that he suffered debilitating side effects from his medication. We rejected the ALJ's reasons and concluded that "Herron's side effects claim, meagerly supported by Dr. Freeman's comment and Herron's testimony, remains uncontested." Id. at 336. However, rather than reversing the ALJ's determination that Herron was not credible, we remanded to the ALJ "so that he may better articulate the grounds for his decision." Id.
 
 
 4
 In concluding that the Secretary's position in the litigation was substantially justified, the district court reasoned that the ALJ's lack of adequate articulation did not establish that there was no reasonable basis for the ALJ's decision to deny benefits. On appeal, Herron argues that no reasonable person could defend the ALJ's decision because it was made without adequately articulating his reason for (1) rejecting Herron's hand claim, and (2) finding Herron not credible. Herron points out that our cases have long held that the ALJ must adequately articulate his reasons for rejecting an entire line of evidence, see Carlson v. Shalala, 999 F.2d 180, 181 (7th Cir.1993) (per curiam) (citing cases), and that a credibility determination will usually be overturned only if it is patently wrong, Wolfe v. Shalala, 997 F.2d 321, 326 (7th Cir.1993). According to Herron, the necessary implication is that no reasonable person could have defended the ALJ's decision.
 
 
 5
 Although in Herron I we found several flaws in the ALJ's decision that required a remand, this does not automatically mean that the Secretary's decision to defend the ALJ's decision was unreasonable. Several factors suggest otherwise. First, the issues on which we remanded in Herron I were issues where Herron had presented very little evidence to support his claims. Herron's claim that his hand was impaired was supported by what we called "sparse" evidence. Herron I, 19 F.3d at 334. Similarly, Herron's claim that he suffered side effects from his medication was, in our words, "meagerly supported" by the evidence. Id. at 336. Second, the flaws we found in the ALJ's decision concerned, not the soundness of the ultimate conclusion, but rather only the level of explanation provided. See Stein v. Sullivan, 966 F.2d 317, 320 (7th Cir.1992) (affirming denial of attorney's fees under EAJA where the ALJ had failed to meet the level of articulation required by our cases). Accordingly, the district court did not abuse its discretion in concluding that the Secretary was substantially justified in defending the ALJ's decision to deny benefits.
 
 
 6
 The denial of Herron's petition for attorney's fees is AFFIRMED.
 
 
 
 [1]
 Citing Flores v. Shalala, 49 F.3d 562 (9th Cir.1995), Herron argues that, in considering an EAJA claim for attorney's fees, the district court should look to whether the Commissioner was substantially justified in her position with respect to the procedural errors that led to remand, and not with respect to whether the Commissioner's position as to the ultimate question of disability was reasonable. For the purposes of this appeal, we assume, without deciding, that Herron is correct. Indeed, we implicitly took this the approach in Stein v. Sullivan, 966 F.2d 317 (7th Cir.1992) (considering whether Commissioner's position was "substantially justified" in light of procedural errors that we had identified in prior appeal)