USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1095 GILBERTO MELENDEZ, Plaintiff, Appellant, v. COMMISSIONER OF SOCIAL SECURITY, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Melba N. Rivera-Camacho and Melba N. Rivera-Camacho & Assocs. on ________________________ __________________________________ brief for appellant. Guillermo Gil, United States Attorney, Edna Rosario, Assistant ______________ _____________ United States Attorney, and Donna McCarthy, Assistant Regional _______________ Counsel, Social Security Administration, on brief for appellee. ____________________ September 3, 1997 ____________________ Per Curiam. Claimant-appellant Gilberto Melendez __________ appeals from a judgment of the district court affirming a decision of the Commissioner of Social Security that Melendez was not entitled to disability benefits. Having carefully reviewed the record and the parties' briefs, we affirm essentially for the reasons stated by the district court in its opinion dated November 13, 1996. We are persuaded that the hypothetical question posed to the Vocational Expert ("VE") was adequate under the particular circumstances of this case. The VE's testimony indicates that he considered all eight areas in which appellant was found to have moderate mental limitations, though he did not recite each of these areas. Finally, although the VE did mention some evidence after the insured period, the VE relied on residual functional capacity assessments for the critical period in reaching his conclusion that appellant could perform past jobs.  We add simply that, contrary to appellant's suggestion, the Administrative Law Judge ("ALJ") was not required to recite every piece of evidence that favored appellant. See Stein v. Sullivan, 966 F.2d 317, 319 (7th ___ _____ ________ Cir. 1992) (noting that the level of articulation required is not precise). The ALJ's decision reveals that he considered the evidence as a whole, and it indicates the path of his reasoning. No more was required. -2- Affirmed. _________ -3-