USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1219 BARBARA M. COX, Plaintiff, Appellant, v. SOCIAL SECURITY ADMINISTRATION COMMISSIONER, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ ____________________ Before Selya, Boudin and Lynch, Circuit Judges. ______________ ____________________ Francis M. Jackson on brief for appellant. __________________ Jay P. McCloskey, United States Attorney, David R. Collins, __________________ _________________ Assistant United States Attorney, and Thomas D. Ramsey, Assistant _________________ Regional Counsel, Region I, Social Security Administration, on brief for appellee. ____________________ November 26, 1997 ____________________ Per Curiam. Claimant-appellant Barbara Cox appeals __________ from a judgment of the district court adopting the Magistrate's report and affirming an order of the Commissioner of Social Security that Cox was not entitled to disability benefits. Having carefully reviewed the record and the parties' briefs, we reject each of appellant's assignments of error under Social Security Ruling 83-20, and affirm substantially for the reasons stated in the Magistrate's thorough report of December 16, 1996. We add here only that, contrary to appellant's suggestion, the Administrative Law Judge's (ALJ's) decision contains findings adequate to permit effective review of his determination as to appellant's credibility, and there was no prejudice in the ALJ's failure to separately mention appellant's husband's affidavit. See Stein v. Sullivan, 966 F.2d 317, 319 (7th ___ _____ ________ Cir. 1992) (noting that the level of articulation required in an ALJ's decision is not precise). The finding that appellant did not demonstrate the onset of a severe mental impairment prior to the expiration of her insured status is supported by substantial evidence in the record as a whole. Affirmed. ________ -2-