151 F.3d 1032
 57 Soc.Sec.Rep.Ser. 396
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carl COHOON, Plaintiff-Appellant,
v.
Kenneth S. APFEL, Commissioner of Social Security, Defendant-Appellee.
 No. 97-4193.
 United States Court of Appeals, Seventh Circuit.
 Argued July 7, 1998.
Decided July 20, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois. No. 96 C 4284, Philip M. Frazier, Magistrate Judge.
 Before Hon. WILLIAM J. BAUER, Hon. JESSE E. ESCHBACH, and Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Carl Cohoon applied for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), after the district court remanded his Social Security claims back to the Commissioner to consider evidence not evaluated by the Administrative Law Judge (ALJ) that denied his claim. The district court determined that the government's position was substantially justified and denied the fee request. Cohoon appeals, claiming that the district court abused its discretion by denying his EAJA fee request. We affirm.
 
 I. Facts
 
 2
 Carl Cohoon applied for Supplemental Security Income on April 16, 1993, and for Disability Insurance Benefits the following month. Cohoon alleged that he was disabled because of degenerative disk disease. ALJ Lawrence Shearer denied his claim on July 25, 1994. The ALJ found that Cohoon had early disc degeneration, but that his testimony was exaggerated and not credible. The ALJ also found that Cohoon had the capacity for light and sedentary work, was qualified for a significant number of jobs in the local economy, and therefore was not disabled for purposes of the Social Security Act. The Appeals Council granted review and remanded the case for a new hearing because portions of the recording of the hearing were inaudible. Cohoon's second hearing was in 1995 before ALJ James Seiler.
 
 
 3
 On February 26, 1996, ALJ Seiler determined that Cohoon was not disabled because Cohoon was capable of performing sedentary work. ALJ Seiler, like the previous ALJ, found Cohoon's testimony about his medical problems not credible. The Appeals Council denied review, and Cohoon sought review of the ALJ's decision in district court in October 1996. The district court found that the ALJ had failed to meet his obligation to consider and discuss all of the evidence, referring in particular to issues involving Cohoon's post-injury school record and statements from Dr. Harms, one of his treating doctors. The district court also found that the ALJ had mischaracterized Cohoon's usage of pain medication, and directed the ALJ to reconsider this evidence on remand.
 
 
 4
 Cohoon then timely filed a petition for attorney's fees pursuant to EAJA. The district court found that a reasonable person could review the administrative proceedings and conclude that the ALJ had properly summarized and discussed the evidence in the case, because the standard for articulating evidence is "imprecise, flexible, and minimal." Therefore, the district court found that the government's position was substantially justified and denied Cohoon's petition. Cohoon now appeals to this court.
 
 II. Analysis
 
 5
 We review a district court's denial of fees under EAJA for abuse of discretion. See Jackson v. Chater, 94 F.3d 274, 277 (7th Cir.1996). Under EAJA, when the United States is a party, "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U .S.C. § 2412(d)(1)(A).
 
 
 6
 The key issue in this case is whether the government's position before the district court was substantially justified. The government's position is substantially justified when "it has a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 566 n. 2, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). Merely prevailing in the district court does not automatically entitle a prevailing party to fees, although the government bears the burden to show that its position was substantially justified. See Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir.1994).
 
 
 7
 In this case, the district court determined that the ALJ had failed to articulate his reasoning in a manner showing that all important evidence was considered. See Books v. Chater, 91 F.3d 972, 980 (7th Cir.1996); Carlson v. Shalala, 999 F.2d 180, 181 (7th Cir.1993). In evaluating EAJA fees in this context, we have noted that "the level of articulation required is far from precise" and that the articulation standard is "deliberately flexible." See Stein v. Sullivan, 966 F.2d 317, 319 (7th Cir.1992).
 
 
 8
 Stein is directly on point. In that case, we affirmed a denial of EAJA fees even though we had remanded because of an articulation error. Id. In this case, the district court remanded because of an articulation error, and did not find that the Commissioner's position was wrong on the merits. As in Stein, there is evidence that supports the Commissioner's position in the record as well. While some medical evidence shows that Cohoon has had and continues to have back problems, much of the evidence on Cohoon's limited work capacity was based on Cohoon's subjective allegations of pain. As two ALJs have found Cohoon to be an incredible witness, a "genuine dispute" exists as to whether Cohoon was disabled, which means that the government's position is substantially justified. See Underwood, 487 U.S. at 565.
 
 
 9
 The fact that the government was incorrect about the ALJ's articulation of the relevant facts does not change the result. Stein, 990 F.2d at 320. The government's position may be substantially justified even when the government loses. See Underwood, 487 U.S. at 569; Cummings v. Sullivan, 950 F.2d 492, 498 (7th Cir.1991). Cohoon's arguments do not show that the district court abused its discretion by denying fees under EAJA.
 
 
 10
 AFFIRMED.