HOLDAWAY, Judge,
with whom GREENE, Judge, joins, dissenting:
I respectfully dissent with the holding of the majority. This matter was taken before the en banc court to decide what evidence the Court should consider in determining whether the Secretary’s position was substantially justified. In the original panel decision, which has since been withdrawn, the majority held that the Court had drifted from the “totality of the circumstances” test set forth by this Court in Stillwell v. Brown, 6 Vet.App. 291 (1994). The dissent opined that the Court had not drifted from Stilhvell but merely evolved into a narrower body of evidence the Court would consider in determining substantial justification. Unfortunately, in debating the intricacies of their theories, both sides lost sight of the facts of this particular case. While such a debate may make an enlightening topic for a law school class or a law review article, the purpose of an appellate court is much more practical: to apply the law to the facts of the case at hand.
The issue before the Court is whether the appellant is entitled to reimbursement under EAJA. As the majority correctly stated, the Secretary may show, as an affirmative defense, that his positions before this Court and the Board were substantially justified. In my opinion, under any test, whether it be the en banc’s majority opinion, the panel’s majority opinion, or the panel’s dissenting opinion, the Secretary has shown that his position was substantially justified. Here, the Secretary agreed to award benefits based on a change in the law. Whether or not the appellant would have been entitled to benefits but for the change in the law is wholly irrelevant. Any arguments or claims presented under prior law have been dismissed with prejudice. Any opinion of the Court regarding the validity of these allegations of error is completely advisory and premature. The Court has not been briefed on these issues and there is no way to determine how the Court would have decided this case on the merits. The fact of the matter is that the Secretary granted benefits due to a change in the law which, under this Court’s case law, makes his position substantially justified, and the appellant’s application for EAJA fees must be denied.
Furthermore, the en banc’s majority opinion holds that the Board’s putative error, for which the EAJA grant is predicated, was failure to state adequate reasons or bases for its decision. In Elcyzyn v. Brown, 7 Vet.App. 170 (1994), this Court held that the position of the government was not substantially justified when the Board failed to give adequate reasons or bases for its decision. I do not believe that this case was correctly decided and I believe that this Court missed an opportunity to overrule this decision en banc. No other court in the country awards EAJA fees as liberally as this one. More importantly to the facts of this case, no other federal court awards EAJA fees when an agency fails to appropriately articulate reasons for its administrative decision. For example, in Stein v. Sullivan, 966 F.2d 317 (7th Cir.1992), the U.S. Court of Appeals for the Seventh Circuit remanded the appellant claim for Social Security disability benefits “so that the Secretary [of Health and Human Services] could articulate more completely its assessment of the relevant evidence regarding the onset of Stein’s disability.” 966 F.2d at 319. After being awarded the benefits sought, the appellant filed for EAJA fees, and was denied in pertinent part by the U.S. District Court for the Northern District of Illinois. On appeal, the Seventh Circuit affirmed the district court’s opinion that the Secretary’s position was substantially justified even though he had failed to adequately articulate his reasoning for the *252 denial of the appellant’s benefits. The Seventh Circuit held:
While the [district] court recognized the existence of the rule requiring the Secretary to articulate his assessment of the evidence, the district court noted that the level of articulation is far from precise. We agree. The requirement that the ALJ articulate his consideration of the evidence is deliberately flexible. That the ALJ failed to meet this articulation requirement in no way necessitates a finding [that] the Secretary’s position was not substantially justified. “Substantially justified” does not mean “justified to a high degree,” but rather has been said to be satisfied if there is a “genuine dispute,” or if reasonable people could differ as to the appropriateness of the contested action. As the district court correctly noted, we did not find in our earlier opinion that the Secretary lacked substantial justification. We held only that there was some contrary evidence that the Secretary failed to consider, or at least failed to articulate that he considered. There was evidence to support the Secretary’s position. A genuine dispute existed. Thus, we detect no error in the district court’s finding that the Secretary’s position was substantially justified.
Id. at 320 (citations omitted).
In sum, I believe that this Court grants far too many EAJA applications contrary to the express intent of Congress in drafting the EAJA statute. The issue here is only illustrative of the divergence between this Court’s EAJA jurisprudence and the consensus in other federal courts. Cf., Gregory C. Sisk, The Essentials of the Equal Access to Justice Act: Court Awards of Attorney’s Fees for Unreasonable Government Conduct, 55 La. L.Rev. 217 (1994). This Court should begin to interpret the EAJA statute consistently with other federal courts. The first step in that process is to overrule Elcyzyn. Under this standard, the putative error of the Board of failing to provide adequate reasons or bases for its decision would not be grounds for granting EAJA fees.
Moreover, even if, in our wisdom, we find the reasons or bases to have been inadequate here, there certainly were no cases from this Court that would have reasonably suggested to the Board, at the time it reached its decision, that the regulation putatively omitted from their decision, had any relevance to this case. The potential relevance of the regulation, as stated by the majority, is a matter of first impression that under Stillwell would have compelled this Court to have found the Secretary’s position to be substantially justified had the issue been briefed, argued, and a decision rendered thereon, none of which happened. In effect, the Court finds the Board’s position was not substantially justified because it failed in its, I suppose, prophetic duty to look into its crystal ball and determine that this Court would find the regulation possibly applicable.
I also bring the Court’s attention to a definition of “totality of the circumstances” that apparently eluded the majority. In Chiu v. U.S., the Federal Circuit held that courts must “look at the entirety of the government’s conduct and make a judgment call whether the government’s overall position had a reasonable basis in both law and fact.” 948 F.2d 711, 715 (Fed.Cir.1991) (emphasis added). In so doing, the Federal Circuit rejected the en banc majority’s holding that the government’s position must be correct as to every jot and tittle. By turning the plain meaning of the phrase “totality of the circumstances” on its head, it is the majority who seems to be doing what it is unacceptable; searching to find an error “to ensure an award of EAJA fees.”
Finally, I will reassert my position that I do not believe that EAJA fees should be granted in cases where the appellant’s attorney is appearing pro bono. EAJA is a reimbursement or fee shifting statute for attorney fees and expenses. See 28 U.S.C. § 2412(d)(1)(A) (stating that a court may *253 award legal fees “incurred by that party” who prevailed in the action against the government); Kay v. Ehrler, 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991) (holding that a pro se attorney is not eligible to be reimbursed under EAJA because he has not incurred any fee); TGS v. U.S., 983 F.2d 229, 230 (Fed.Cir.1993) (“In its requirement that the fees have been ‘incurred’ by the party, § 2412(d) differs from § 2412(b) and other fee-shifting statutes that authorize the award of ‘a reasonable attorney’s fee”); U.S. v. Paisley, 957 F.2d 1161 (4th Cir.1992) (EAJA award not available because prevailing party did not “incur” any legal expenses if legal expenses would have been covered by third party). If the appellant has not incurred any attorney fees, there is nothing for which to reimburse the appellant. Cf. A. Hirsh, Inc. v. U.S., 948 F.2d 1240, 1251 (Fed.Cir.1991) (stating that EAJA reimbursement is not available for a party who “undertakes appellant litigation as a volunteer”).
In this case, the Veterans Consortium Pro Bono Program requested a stay of proceedings in order to attempt to obtain counsel for this appellant who had been proceeding pro se. Through its efforts, the Consortium obtained the appellant’s counsel of record. On July 22, 1999, appellant’s counsel filed a Notice of Appearance, in which he certified that “I am participating in The Veterans Consortium Pro Bono Program and my representation is without charge to the appellant.” As a result, the appellant has not incurred any attorney fees in this appeal and, therefore, there is no need to reimburse the appellant. An action for EAJA fees is an action by the appellant, not his attorney, and is entirely for the purpose of reimbursing him for fees incurred. His attorney has neither independent action nor independent entitlement to EAJA. While I recognize that this Court and other federal courts have allowed EAJA payments to pro bono counsel, in so doing, these courts have ignored the plain language of the statute which states that EAJA is designed to reimburse prevailing parties for fees “incurred.” In fact, to say the Court has “ignored” the language of the statute in circumventing its plain meaning is a euphemism. These decisions have perverted its meaning by indulging in an analysis which, in effect, says that the fees are incurred as a result of the successful EAJA application! In short, a successful EAJA applicant incurs fees (after the case is over), while an unsuccessful applicant does not. It is unfortunate that this Court goes along with this charade.
My purpose is not to discourage attorneys from participating in The Veterans Consortium Pro Bono Program, for I commend them for their excellent work in reducing the number of pro se appellants before this Court. As is true with all pro bono work, the reward is obtained by the satisfaction of representing an indigent party without compensation, who otherwise would not be able to secure counsel. The reward should not come from being reimbursed for the “pro bono” representation. Getting fees for pro bono work is a contradiction in terms. My opinion is that the statute, as currently written, does not authorize payment under EAJA if the prevailing party did not incur any attorney fees. By creating a legal fiction in holding that appellants have incurred attorney fees, nunc pro tunc, in pro bono cases, the Court has rewritten the language of the statute. If Congress desires to change the statute to award EAJA fees for pro bono counsel, it is within their province, and not this Court’s, to make the appropriate amendments. Lastly, I express a personal hope that attorneys who volunteer for pro bono representation through The Veterans Consortium Pro Bono Program, receive pro bono credit from their state bar for that representation, and are granted EAJA fees, would donate those fees to the Consortium so that they may further assist indigent veterans in finding representation before this Court.
*254 In conclusion, regardless of what evidence is used to determine whether the Secretary’s position was substantially justified, I do not believe that there are grounds for an award of EAJA fees in this case under any circumstances.