HOLDAWAY, Judge,
dissenting:
I agree with the majority that the appellant was a prevailing party in the merits litigation and that as a result of that decision (however flawed it may have been), which found inadequate reasons or bases of the Board, the position of the Board was legally incorrect. However, I do not agree that the Secretary lacked substantial justification for its position. I note at the outset that the opinion of the Court in the EAJA portion of this case (and, for that matter, in the merits portion as well) is totally bereft of a factual or legal analysis. It is pure conclusion. I will supply the necessary factual and legal background.
It is fundamental that the fact that the government does not prevail on the merits is merely a starting point in determining whether its position was substantially justified. In Pierce v. Underwood, 487 U.S. 552, 566 n. 2, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the U.S. Supreme Court explained that “a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.” Therefore, if the position taken by VA, although ultimately determined to be “incorrect,” is debatable — that is, if reasonable minds could differ — then VA’s position must be found to be substantially justified. Moreover, this Court has held that the government need not be “ ‘justified to a high degree,’ but rather ‘justified in substance or in the main’ — that is, justified to a degree that could satisfy a reasonable person.” Felton v. Brown, 7 Vet.App. 276, 280 (1994); see also Pierce, 487 U.S. at 565, 108 S.Ct. 2541; Stillwell v. Brown, 6 Vet.App. 291, 302 (1994). The interested reader may wish to read Stein v. Sullivan, 966 F.2d 317 (7th Cir.1992), a Social Security disability benefits case cited by the Secretary, which has facts strikingly familiar to this case, for an excellent summary of the law of substantial justification. In that case, the court denied an application for fees and expenses under the EAJA, despite the fact that the appellant had won the merits case, rejecting the EAJA applicant’s argument that an EAJA award should be granted because the Secretary of Health and Human Services had inadequately articulated its assessment of the relevant evidence. The court reasoned:
That the [administrative law judge] failed to meet this articulation requirement in no way necessitates a finding that the Secretary’s position was not substantially justified.... [W]e did not *473 find in our earlier opinion that the Secretary lacked substantial justification. We held only that there was some contrary evidence that the Secretary failed to consider, or at least failed to articulate that he considered.... There was evidence to support the Secretary’s position. A genuine dispute existed. Thus, we detect no error in the district court’s finding that the Secretary’s position was substantially justified.
Stein, 966 F.2d at 320 (citations omitted).
Let us now turn to the facts in this case, bearing in mind, of course, the general legal principles just outlined. In the merits case, the court found the Board’s articulated reasons or bases inadequate. That was the sole basis for the remand. In so doing they only cited a general rule from this Court’s precedent that all evidence favorable to the claimant that is material must be accounted for in the reasons or basis. If they believed that cited precedent put the Board on notice or gave any guidance as to what kind of evidence is or is not material, they are operating under a considerable delusion. The majority then seized upon one piece of evidence, a form on which the appellant had marked an “X” to indicate that he had suffered physical and psychological hardship when interned by the Swiss government during World War II, which the Board did not discuss in its decision. The Court determined that the Board had not satisfied the requirement to provide adequate reasons or bases for its decision based solely on its not having discussed this form, a form which contained no narrative by the claimant and had been contradicted by earlier narrative testimony from the claimant that specifically disclaimed such hardships.
The panel of the Court split on the issue of the materiality of this piece of evidence, the majority of the panel concluding, as stated previously, without even the slightest analysis of what “materiality” is, that it was material. The majority compounds its error by doing the same thing in this case, providing a conclusion without an analysis. They seem to come up with the following rule: because the Court concluded that the document was material in their November 2000 decision, the Board was somehow “on notice” in December 1998 that this evidence was undebatably material. Whether the Board had access to a crystal ball is not mentioned. But the “incorrectness” of the Board’s decision, nunc pro tunc, is not the critical factor. As the case law cited above has established, if, at the time the Board wrote its decision, the materiality of this evidence was debatable, or reasonable minds could differ as to its materiality, then the Board’s position was substantially justified. In cases where the decision is unanimous the question of whether reasonable minds could differ is theoretical. In this case, there was undeniably a debate within the Court and there was undeniably a difference of opinion as to the document’s materiality.
I do note with some diffidence that in my dissent I at least made a stab at analysis and gave a reasoned basis for my opinion. The majority made no such attempt. But the important point is that the issue of materiality was, in fact, debated and there was, in fact, a difference of minds, both of which I, at least, would say were reasonable minds. I concede to my brethren that however egregiously wrong (and wrongheaded) I think their conclusion of materiality was, I don’t for a minute contend that they didn’t have a debatable point or that the opinion was one with which no reasonable person could agree. In my dissent, I gave reasons for not finding the evidence to be material, i.e., that the evidence was equivocal, contradicted, and marginal at best. While I think my brethren’s purely conclusory de- *474 cisión was debatably “correct,” I wonder whether they didn’t confuse materiality with relevancy, a common mistake. In absence of an analysis we simply don’t know. In any event, I think my position is one that a reasonable person could take. Had the panel been differently composed it is as probable as not that there would have been a different result. If my brethren disagree and wish to state a supposition either implicitly or explicitly that no reasonable person could agree with my opinion of “non-materiality,” then I assure them that I will accept such a conclusion with amused, and bemused, good humor. However, I must say my reaction would be similar to that of Mr. Bumble in Oliver Twist: “If the law supposes that then the law is a ass, a idiot.”
I note the concurring opinion of Judge Farley, a colleague for whom I have the highest respect and affection. Nevertheless, I am constrained to note that he entirely avoids the issue. I take the crux of his opinion to be thus: since it is a “reasonable person” who reached this conclusion, how could anyone disagree? Ergo, any such disagreement must be, per se, unreasonable. Well, I do disagree and my disagreement is eminently reasonable. The concurring opinion does reinforce my suspicion that the majority has confused relevancy of the form, which is obvious, with materiality, which is, at the least, debatable and can only be determined in context.
I feel it necessary to add a comment on one part of the opinion of the merits case that may not be germane and perhaps only indirectly affects the EAJA issue, and that is the misinterpretation of Hensley v. West, 212 F.3d 1255 (Fed.Cir.2000), in the merits opinion, which apparently precluded the majority from invoking the harmless statute concerning the evidence that was, putatively, “material.” Perhaps no harm was done as that portion of the merits decision was clearly dictum and thus not binding precedent, but I do note again, as I did in my dissent, that Hensley in no way precludes this Court from initially finding facts as to those issues on appeal where the Board is not a factfinder.
In this case, the issue was the adequacy of the Board’s reasons or bases. Obviously, the Board is never, and can never be, a factfinder as to adequacy of its own reasons or bases. By necessity, this Court, if it is to discharge its duties concerning 38 U.S.C. § 7261(b), the harmless error statute, must be the initial factfinder on such an issue. Whatever Hensley stands for, and it is certainly not a model of judicial craftsmanship, it shouldn’t be read as repealing the harmless error provisions of our jurisdictional statute. If read as broadly as the majority did in the dictum in the merits case, that is exactly what it would do. If the Court can’t be the initial fact finder on questions of law like adequacy of reasons or bases, then the harmless error statute is meaningless. I expect, and hope, that if the Federal Circuit had meant to repeal the harmless error statute, it would have said so. It is this Court’s function to interpret precedential cases narrowly and strictly. The interpretation in the merits case concerning Hensley was neither. It gave the broadest possible interpretation in a case not remotely like Hensley. At most, Hensley stands for the proposition that this Court cannot be the initial factfinder as to factual issues, on the merits, that are reposed in the Board. On matters such as adequacy of reasons or bases, Hensley simply does not apply. This court can, and should, apply the harmless error rule when assessing putative errors in reasons or bases. Hensley, by its own terms, permits this.