**Dorothy TOWNSEND, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

**No. 02–3623.**

United States Court of Appeals, Seventh Circuit.

Submitted April 24, 2003.*

Decided July 7, 2003.

---

* We have determined that this appeal is successive to no. 01–2336, and the same panel has retained it for decision. After examination of the briefs and the record, we have concluded that oral argument is unnecessary; accord-

Before BAUER, RIPPLE, and ROVNER, Circuit Judges.

## ORDER

In a previous appeal, we vacated the district court's judgment upholding the Commissioner's determination that Doro-thy Townsend is not disabled and therefore not entitled to Social Security disability benefits. We remanded the matter to the Social Security Administration for further proceedings. After our decision, Townsend moved in the district court for an award of attorney's fees and costs incurred in pursuing her civil action pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The magistrate judge hearing the matter by consent, *see* 28 U.S.C. § 636(c), denied Townsend's request, reasoning that the Commissioner's litigation position during the matter had been substantially justified and that an award of attorney's fees and costs was therefore improper. Townsend appeals that decision, and we reverse.

The basis for our previous opinion overturning the denial of Townsend's application for disability benefits need not be set forth in detail here, *see Townsend v. Barnhart*, No. 01–2336, 28 Fed.Appx. 531, 2002 WL 104884 (7th Cir. Jan. 23, 2002), but can be summarized as follows. Townsend was 55 years old when she allegedly became disabled as the result of an automobile accident in February 1996. Her application was denied on both initial examination and on reconsideration, and she requested a hearing before an ALJ. At the hearing, Townsend testified that she could not work because of pain in her spine and neck, and that the medications she was taking did not alleviate her symptoms. Although she did some work around the house and garden, she could not lift or clean and spent most of her time lying down. She also testified that she had tried unsuccessfully three times to return to her job as a circuit board tester at Motorola, but was unable to maintain her employment because of her neck problems. A vocational expert testified that Townsend should be able to

ingly, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

return to her job, which he classified as light work, but admitted that if she was limited to sedentary activities she could not perform her past job. Based on this testimony and extensive medical evidence in the record, the ALJ found that Townsend was not disabled because her ailments did not meet or equal an impairment listed in the Social Security "grid," 20 C.F.R. § 404, Subpt. P, App. 1, and because she retained the residual functional capacity to perform light work and could therefore still perform the tasks of her job as a circuit board tester. The Appeals Council denied Townsend's request for review, and the ALJ's opinion became the Commissioner's final decision.

Townsend then filed a civil action in federal court, and the parties consented to having the case handled by a magistrate judge. The magistrate judge upheld the Commissioner's determination and denied Townsend's motion for reconsideration, and she timely appealed. We vacated the district court's judgment and remanded the matter to the Social Security Administration for further proceedings. We based our decision on a determination that the Commissioner's decision was deficient in numerous respects. Specifically, we concluded that the ALJ had failed to articulate why he found Townsend's testimony to be inconsistent with the medical evidence in the record, failed to conduct a proper inquiry after he found alleged inconsistencies in her testimony, and failed to discuss conflicting medical evidence or take into account Townsend's past failed attempts at returning to work.

After our decision, Townsend moved in the district court for an award of costs and fees under the EAJA totaling $21,533.25. Although the Commissioner admitted that Townsend was a "prevailing party" under the EAJA, the agency opposed an award of fees and costs on the ground that its litigation position was "substantially justified." In support of its argument, the agency focused on medical evidence from Dr. Douglas Anderson, Townsend's treating physician and an associate professor of neurosurgery at Loyola University Medical Center, that allegedly did not support Townsend's assertions about the severity of her neck condition. The agency focused on Dr. Anderson's conclusion that an MRI of Townsend's neck showed "inadequate evidence of neural impingement," and his opinion that conservative therapy alone, rather than surgery, was appropriate. The agency also pointed out that Townsend had a "normal neurological examination" and that Dr. Anderson concluded that there was "no reason why she could not return to work on the basis of her present examination." The agency further relied on the ALJ's belief that Townsend's ability to perform some household chores weighed against her assertions that she could not work, and on an opinion from Dr. Mohammed Qureshi, a consulting physician for the agency, that she could return to work. The magistrate judge denied Townsend's application for costs and fees, reasoning that the Commissioner's litigation position had been "substantially justified" because of the conflicting evidence in the case.

We review a ruling under the EAJA for an abuse of discretion. *Pierce v. Underwood*, 487 U.S. 552, 559, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). Under the EAJA, a court "shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A litigation position is "substantially justified" if it is "justified to a degree that could satisfy a rea-

sonable person," *Pierce*, 487 U.S. at 565; that is, it must be "grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1080 (7th Cir.2000) (citations omitted). Although there is no presumption that a prevailing party will recover attorney's fees under the EAJA, it is the government's burden to prove that its position was substantially justified. *Id.* at 1079.

After reviewing the agency's proffered justification for its litigation position, we conclude that the magistrate judge abused his discretion by denying costs and fees to Townsend. Although there was conflicting evidence in the record regarding the extent of Townsend's disability and her ability to perform gainful employment, we cannot agree that such conflicting evidence, on its own, establishes that the Commissioner's position was justified. We determined in our earlier decision that the ALJ failed to articulate why he discredited the evidence supporting Townsend's position. Although an ALJ's failure to adequately articulate the basis for his decision does not necessitate a finding that the Commissioner's position was not substantially justified, *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir.1992), we think that here the ALJ's decision was so deficient that the Commissioner could not justifiably defend it.

Throughout the litigation of Townsend's disability claim, the agency has focused its arguments solely on evidence that supports the ALJ's decision. But it has not acknowledged other, contrary evidence that supports Townsend's claim, including a February 1997 MRI evidencing a "centrally herniated disc" that directly contradicted a doctor's opinion that Townsend did not suffer any herniation. We do not believe, therefore, that the agency has met its burden of showing that it had a "reasonable basis in truth for the facts alleged" during the litigation of this case. Furthermore, we determined in our previous decision that the ALJ failed to apply the correct legal standards in analyzing Townsend's claim—he did not, for example, "conduct the proper inquiry after he found alleged inconsistencies in Ms. Townsend's testimony"—and we cannot agree that the Commissioner has demonstrated that she had a "reasonable basis in law for the theory propounded" on appeal. In light of the substantial deficiencies in the ALJ's decision and the agency's failure to point to any justification for its litigation position other than "conflicting evidence," we cannot agree that the agency met its burden of providing a substantial justification for its litigation position, and must vacate the district court's order denying Townsend recovery under the EAJA.

For the foregoing reasons, we REVERSE the judgment denying Townsend costs and attorney's fees under the EAJA. Because the agency failed to meet its burden of proving that its position was substantially justified, Townsend is entitled to such fees and costs. We therefore REMAND the matter to the magistrate judge for a determination of the amount of reasonable fees and costs to which Townsend is entitled.

RIPPLE, Circuit Judge, dissenting.

In my view, the district court did not abuse its discretion in determining that the position of the Government was substantially justified. Accordingly, I would affirm the judgment of the district court.