NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 15, 2008
Decided January 28, 2008

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, Circuit Judge

No. 07-2508

| | |
|---|---|
| LARRY R. MOGG, | Appeal from the United States |
| *Plaintiff-Appellant,* | District Court for the Southern District |
| | of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 04 C 1446 |
| MICHAEL J. ASTRUE, Commissioner, | |
| *Defendant-Appellee.* | Richard L. Young, *Judge*. |

**O R D E R**

This is the second time we have ruled on a case pertaining to Larry R. Mogg's application for Social Security disability benefits. In our previous order, we vacated the judgment of the district court affirming the denial of benefits and remanded to the administrative law judge (ALJ) for further analysis. Based on that result, Mogg currently seeks attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, as the prevailing party in an action against the United States. The Commissioner opposes the award on the grounds that the ALJ's decision to deny benefits was substantially justified. The district court agreed with the Commissioner and denied Mogg's petition. The case is now before us on Mogg's appeal.

Our prior decision set out at length the relevant facts concerning Mogg's application, so we will only briefly state the procedural posture here. Back in 2002, Mogg applied for Social

Security benefits, alleging disability due to various ailments, including osteoarthritis of the knees and degenerative arthritis of the spine. After his application was denied, Mogg had a hearing before an ALJ, who ultimately determined that Mogg was not disabled. The Appeals Council denied Mogg's request for review, and he appealed to the district court, which affirmed. Mogg subsequently appealed to this court. We vacated the judgment of the district court and remanded the case to the agency to "conduct a more thorough analysis" of certain evidence. Mogg v. Barnhart, 199 Fed. Appx. 572, 576 (7th Cir. 2006).

In 2007, while the matter was pending before the agency, Mogg petitioned the district court for EAJA attorney fees and expenses. There, the district judge found that the Commissioner's position had been substantially justified and consequently denied Mogg's application. Mogg now challenges that judgment, which we review for an abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 562 (1988); Stein v. Sullivan, 966 F.2d 317, 319 (7th Cir. 1992).

The EAJA provides for an award of attorney fees and expenses to a party who prevails in litigation against the United States "unless the court finds that the position of the United States was substantially justified[.]" 28 U.S.C. § 2412(d)(1)(A). A court may award attorney fees on the basis of the Commissioner's prelitigation conduct or litigation position. Cunningham v. Barnhart, 440 F.3d 862, 863 (7th Cir. 2006). The ALJ's decision is considered part of the Commissioner's prelitigation conduct. Id. at 863-64. The Commissioner bears the burden of establishing that his position was substantially justified. Id. at 864.

The Supreme Court has defined "substantially justified" to mean "justified to a degree that could satisfy a reasonable person." Pierce, 487 U.S. at 565. In Pierce, the Court emphasized that "a position can be justified even though it is not correct . . . if it has a reasonable basis in law and fact." Id. at 566 n.2. On this point, the Court spoke of a category of cases where "[the government] could take a position that is substantially justified, yet lose." Id. at 569.

Mogg argues that the ALJ failed to abide by a well-settled rule of law that requires him to mention the specific listing he is considering at Step Three of the five-step analysis for evaluating a disability. See 20 C.F.R. § 404.1520(a)(4). This, he argues, amounts to "illegal behavior," which is never substantially justified. There are two problems with this argument. First, Mogg misstates our precedent. Although we have previously found error where the ALJ did not mention the specific listings he considered, we have not announced a bright-line rule. Rather, our cases hold that "an ALJ should mention the specific listings he is considering and his failure to do so, if combined with a 'perfunctory analysis,' may require a remand." Ribaudo v. Barnhart, 458 F.3d 580, 583 (7th Cir. 2006) (emphasis added). Accordingly, we have characterized the requirement that an ALJ articulate his consideration of the evidence as "deliberately flexible." Stein, 966 F.2d at 319.

Second, and more fundamentally, Mogg's argument is illogical. Every time the agency loses, it does so because a court determines that its position, in one way or another, is incorrect-- that is, contrary to law. However, under Mogg's logic, any position contrary to law is "illegal" and never substantially justified. As a result, every prevailing party in an action against the United States would be entitled to attorney fees. Such an outcome would not only render the substantial justification analysis irrelevant, but would also directly contradict the dictates of Pierce. Thus, the fact that the ALJ's evaluation failed to satisfy our standards does not necessitate a finding that the Commissioner's position was not substantially justified. Id. at 320.

The district court correctly stated that our prior decision did not find that there was insufficient evidence in the record to support the ALJ's decision. On the contrary, we expressly noted that the ALJ had relied on the medical expert's testimony and conclusions at Step Three. Rather, we stated that we could not trace the ALJ's "path of reasoning" and that there was some contrary evidence in the record that the ALJ rejected "without adequate explanation." Mogg, 199 Fed. Appx. at 576. Our criticism focused on the fact that the ALJ not only failed to specify the relevant listings but also failed to "evaluate properly evidence that potentially supported Mogg's claim." Id. Because there was evidence in the record to support the ALJ's decision, the district court correctly found that a genuine dispute existed and therefore the Commissioner's position was substantially justified. See, e.g., Cunningham, 440 F.3d at 865 (finding no abuse of discretion in denying EAJA fees, even though the case had been remanded for further analysis, because the medical evidence supported the ALJ's decision).

For these reasons, the judgment of the district court is AFFIRMED.