In the

# United States Court of Appeals

### For the Seventh Circuit

No. 03-3382

MICHAEL E. GOLEMBIEWSKI,

*Plaintiff-Appellant,*

*v.*

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Indiana, Fort Wayne Division.
No. 01 C 104—**William C. Lee**, *Judge.*

ARGUED APRIL 14, 2004—DECIDED AUGUST 31, 2004

Before BAUER, CUDAHY, and COFFEY, *Circuit Judges.*

BAUER, *Circuit Judge.* Michael Golembiewski appeals
from a judgment of the United States District Court for the
Northern District of Indiana denying his petition for an
award of attorney's fees and costs pursuant to the Equal
Access to Justice Act ("EAJA"). We reverse; the government
was not substantially justified in supporting the Adminis-
trative Law Judge's ("ALJ") ruling and since the govern-
ment did not complain about the computation of fees, we
simply remand for the court to enter the fees requested by
Golembiewski.

## I.  Background

This case arises from Golembiewski's application for disability insurance benefits on April 27, 1999. Golembiewski claimed he had become disabled because of problems associated with a spinal cord injury and epileptic seizures. The ALJ issued a final decision to deny Golembiewski's application on July 11, 2000.

On March 28, 2001, Golembiewski filed for judicial review of the ALJ's decision. The district court affirmed the final decision of the ALJ. Golembiewski then appealed to this court and we vacated and remanded with instructions to remand the case to the agency, urging the Commissioner to assign a new ALJ to handle further proceedings. Specifically, we remanded the case because: (1) the ALJ improperly discredited Golembiewski's testimony about pain without explaining reasons for rejecting testimony; (2) the ALJ mischaracterized the evidence; and (3) the ALJ was required to consider the entire constellation of ailments affecting Golembiewski once the ALJ found that one or more of his ailments was severe. *Golembiewski v. Barnhart*, 322 F.3d 912, 913 (7th Cir. 2003). The ALJ found in favor of Golembiewski in the new proceedings. Thereupon, Golembiewski filed a petition and supporting memorandum seeking attorney's fees under the EAJA on May 7, 2003. The district court denied the petition, finding that the government's position was substantially justified and attorney's fees were therefore not appropriate under the EAJA. This appeal followed.

## II.  Analysis

Golembiewski asks this court to find that the government had no substantial justification for its position and that the district court judge abused his discretion in denying attorney's fees. We review the district court's denial of a petition for attorney's fees and costs for an abuse of discretion.

*Pierce v. Underwood*, 487 U.S. 552, 558 (1988); *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1078 (7th Cir. 2000). This "deferential standard does not dilute our meaningful examination of the district court's decision." *Id.* (citing *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996)).

The EAJA provides that a district court may award attorney's fees where (1) the claimant is a "prevailing party"; (2) the government was not substantially justified; (3) no "special circumstances make an award unjust"; and (4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement. 28 U.S.C. § 241(d)(1)(A), (B); *Hallmark Construction*, 200 F.3d at 1079. Golembiewski is the prevailing party, no "special circumstances" are alleged, and the fee application was timely. The only question remaining is whether the district court abused its discretion in finding that the government's position was substantially justified.

The Commissioner's position is substantially justified if her conduct has a "reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct." *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The Commissioner bears the burden of proving that her position was substantially justified. *Marcus*, 17 F.3d at 1036. "EAJA fees may be awarded if either the government's pre-litigation conduct or its litigation position are not substantially justified. However, the district court is to make only one determination for the entire civil action." *Id.* A decision by an ALJ constitutes part of the agency's pre-litigation conduct. *Sutton v. Chater*, 944 F.Supp. 638, 639 (N.D. Ill. 1996).

The Seventh Circuit has set forth a three-part standard for reviewing EAJA petitions. *Hallmark Construction*, 200 F.3d at 1080. It requires the government to show that its position was grounded in: (1) a reasonable basis in truth for

the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded. *Id.*

When the Court of Appeals reverses a decision of the Commissioner, the district court should analyze the actual merits of the government's litigating position. *Hallmark Construction*, 200 F.3d at 1079. Strong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees. *Marcus*, 17 F.3d at 1038. The district court judge below found that "[a] review of the evidence . . . as well as a review of both judicial decisions, reveals a rather complex case." Br. of the Appellant at 15. Actually, our opinion does not reveal a complex case, but one in which the ALJ and Commissioner violated clear and long judicial precedent and violated the Commissioner's own Ruling and Regulations. We found that despite the mandate of SSR 96-7p and court precedent, the body of the ALJ's decision contained no discussion of credibility and that he failed to apply the factors for evaluating symptoms set forth in Social Security Ruling 96-7p. *Golembiewski*, 322 F.3d at 915. We found that the Commissioner's defense of the ALJ's decision failed because she argued that the ALJ's credibility determination could be "implied," contrary to her own ruling, and she relied upon facts not discussed by the ALJ to try and bolster his credibility determination. *Id.* at 916. We went on to find that the ALJ's decision was compromised by a mischaracterization of medical evidence: finding no evidence of herniated discs when there was clear evidence of herniated discs. *Id.* at 916-17. We said, "[w]hat is more (not that more is needed), we also agree with Golembiewski that the ALJ ignored significant evidence supporting his claim." *Id.* Indeed, the ALJ improperly ignored three distinct lines of evidence concerning Golembiewski's bladder and bowel incontinence, his limitations in bending, and his difficulty grasping. *Id.* at 917. We rejected the Commissioner's argument that the fact that the record included some

evidence which might have supported a finding that the bladder/bowel impairment minimally impacted Golembiewski's functioning, permitted the ALJ to ignore this evidence all together. *Id.*

Finally, we "close[d] with an additional observation", admonishing the ALJ to consider the aggregate of the plaintiff's "host of medical conditions," and urging the Commissioner to assign the matter to a different ALJ. *Golembiewski*, 322 F.3d at 918. We did not reject any issue raised by the plaintiff on appeal nor did we adopt or affirm any position taken by the Commissioner. This is exactly the "strong language against the government's position" in a merits opinion which should establish lack of substantial justification in the ALJ's decision and in the Commissioner's defense of that position. *Marcus*, 17 F.3d at 1038; *accord Friends of Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995).

Under the circumstances of this case, the district court judge's decision was an abuse of discretion. Our opinion in the underlying merits claim made it clear that the Commissioner's argument had no reasonable basis in law because her argument was based upon facts not relied upon by the ALJ. *Golembiewski*, 322 F.3d at 916 ("[R]egardless of the requirements of Social Security Ruling 96-7p, general principles of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the agency's decision that were not given by the ALJ . . . . So the Commissioner's effort to pinpoint parts of the ALJ's decision that support the credibility finding is unhelpful.") (Citations omitted).

Regarding our finding that the ALJ mischaracterized the evidence concerning whether the objective evidence established any herniated discs, the district court judge finds that the ALJ "could have a rational ground for thinking he had a rational ground for finding no herniations" because the MRI actually characterized the findings as "a probably

small central right lumbosacral herniation." Br. of Appellant at 22. It is not reasonable for an ALJ to find that a condition does not exist at all where the evidence establishes that it does exist even if it is "small." The record in Golembiewski's claim included numerous opinions by treating physicians that the MRIs established herniated or protruding discs. The ALJ's finding of "no herniations" has no support in the administrative record. He did not "have a rational ground for thinking he had a rational ground" to find no herniations nor did the Commissioner have such a rational ground for arguing support of the ALJ's decision. The district court's decision constitutes an abuse of discretion.

### III.  Conclusion

We reverse the district court's decision and remand with directions to the court to enter the fees requested by Golembiewski.

REVERSE AND REMAND WITH DIRECTIONS.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*