**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2005[*]
Decided May 10, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-1047

| | |
|---|---|
| JAMES YOUNG, <br>     *Plaintiff-Appellant,* | Appeal from the United States <br> District Court for the Western <br> District of Wisconsin |
|     *v.* | No. 02-C-257-C |
| JO ANNE B. BARNHART, <br> Commissioner of Social Security, <br>     *Defendant-Appellee.* | Barbara B. Crabb, <br> *Chief Judge.* |

**O R D E R**

After prevailing in his appeal from the denial of Social Security disability benefits, James Young petitioned the district court for an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The district court denied his petition and Young again appeals. We reverse.

Young applied for disability benefits in 1998, claiming that he was unemployable because of a variety of cognitive, memory, social, and personality problems caused by a brain injury he suffered in a motorcycle accident eleven years

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

earlier. An administrative law judge denied Young's application, the Social Security Appeals Council denied review, and the district court upheld the decision. But we reversed because the ALJ failed to consider Young's personality disorders when determining his residual functional capacity (RFC) and formulating hypothetical questions to the vocational expert. *Young v. Barnhart*, 362 F.3d 995 (7th Cir. 2004).

Young then petitioned the district court for an award of costs and attorneys' fees pursuant to the EAJA, but the court denied his petition because it found the Commissioner's opposition to Young's application to be "substantially justified." The day after Young's petition was denied, we decided *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004), in which we held that the Commissioner's opposition to an application for disability benefits was not substantially justified because the ALJ had violated our precedent and the Commissioner's own regulations by failing to discuss the applicant's credibility and ignoring significant medical evidence. We also said that the "strong language" in our earlier opinion was evidence that the Commissioner's position lacked substantial justification. *Id.* Young asserted that his case was analogous to *Golembiewski* and moved to alter or amend the district court's judgment. *See* Fed. R. Civ. P. 59(e). The court denied his motion, and Young appeals.

The EAJA provides that a successful litigant against the federal government is entitled to recover his attorneys' fees[1] provided that: (1) he was a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) he filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Kreicioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003). The Commissioner does not dispute that Young meets all of the prongs except the second, and continues to assert that an award is unwarranted because her position was substantially justified.

EAJA fees may be awarded if either the Commissioner's pre-litigation conduct or her litigation position lacked substantial justification. *Golembiewski*, 382 F.3d at 724. The ALJ's decision constitutes part of the Commissioner's pre-litigation conduct. *Id.* In order for the Commissioner's position to be substantially justified, it must have reasonable factual and legal bases, and there must exist a reasonable connection between the facts and her legal theory. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Golembiewski*, 382 F.3d at 724; *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000). The Commissioner bears the

---

[1]Young also petitioned for costs in the amount of $22.00. Under the EAJA, costs "may be awarded to the prevailing party in any civil action" against the federal government. 28 U.S.C. § 2412(a)(1). But neither Young nor the Commissioner addresses this part of the petition in their briefs, and each focuses entirely on Young's request for more than $20,000 in attorneys' fees. 28 U.S.C. § 2412(b). We thus disregard the issue of costs.

burden of proving that her position was substantially justified.  *Golembiewski*, 382 F.3d at 724.  The district court here held that the Commissioner met her burden and we review that decision for an abuse of discretion.  *Id.* at 723.

Young argues that the reasons given by the district court for denying his fee application do not establish substantial justification for the Commissioner's position.  The district court focused on evidence provided by three psychologists as supporting "the conclusion that plaintiff's temperament problems would not prevent him from performing unskilled, routine, low stress, repetitive work that did not involve significant contact with the public or coworkers."  But Young claims that the district court simply disregarded the errors we identified in our opinion—the ALJ's failure to address the evidence concerning Young's social and temperament problems when formulating the RFC and the hypothetical questions to the vocational expert—and instead reexamined the medical evidence and concluded that Young's application might have presented a close question had the ALJ considered all the evidence in the record.

We agree with Young that the district court erred when it reevaluated the merits of his underlying application for disability benefits; instead the court should have focused on the errors made by the ALJ and examined whether the Commissioner's position was substantially justified despite those errors.  *See Hallmark Constr. Co.*, 200 F.3d at 1076 (district court must examine "actual merits of the Government's litigating position") (quoting *Pierce*, 487 U.S. at 569).  As we discussed in our earlier opinion, the ALJ's decision and the Commissioner's defense of it contain two significant legal errors, and the strong language we used in that opinion is evidence that the Commissioner's position was not substantially justified.  *See Golembiewski*, 382 F.3d at 724.   First, as we observed, the ALJ did "not sufficiently connect[ ] the dots between Young's impairments, supported by substantial evidence in the record, and the RFC finding."  *Young*, 362 F.3d at 1002.  The ALJ inexplicably disregarded all of the medical evidence concerning Young's difficulties with social interaction.  As we noted, the ALJ's determination of Young's RFC "says nothing of limiting contact with supervisors, despite the fact that there was substantial evidence within the record that Young has difficultly accepting instruction, responding appropriately to criticism, and interacting with others on the job."  *Id.*  Furthermore, the ALJ did not "explain how he reconciles Young's two conflicting limitations—the fact that Young will have difficulty accepting instruction and criticism from others on the one hand and the fact that he has difficulty making plans independently and setting realistic goals on his own on the other hand."  *Id.*  The RFC finding was fatally flawed because of these omissions by the ALJ.

The ALJ also failed to include in his hypothetical questions to the vocational expert any information on Young's difficulties with social interaction, even though those difficulties were supported by medical evidence in the record.  *See Kasarsky v. Barnhart*, 335 F.3d 539, 544 (7th Cir. 2003) (per curiam) (hypothetical question

must include all limitations supported by the record). The hypothetical questions here, however, omitted significant documented limitations. "The hypothetical questions presented by the ALJ, like the flawed RFC on which they were based, made short shrift of Young's social and temperamental impairments." *Young*, 362 F.3d at 1004. We noted that in Young's case the entire finding of disability "hinged on the validity of the hypothetical question," which we characterized as "fundamentally flawed." *Id.* at 1005. The hypothetical questions, like the flawed RFC, "failed to account fully for the findings of almost all of the credited medical experts that Young had significant impairments in social judgment." *Id.* at 1004. These two errors and the strong language we used when discussing them show that the Commissioner's position was not substantially justified.

The district court gave two other reasons for denying Young's application for fees: that we ruled in favor of the Commissioner on a second issue in Young's appeal—whether the ALJ improperly discounted the findings of one of Young's doctors, *id.* at 1001—and that the district court had originally upheld the ALJ's decision before we reversed. But neither of these reasons addresses the flaws in the ALJ's decision. *Cf. Lewis v. Barnhart*, 281 F.3d 1081, 1086 (9th Cir. 2002) (inquiry under EAJA focuses on issue on which case was ultimately remanded). The ALJ's errors did not result from consideration of a novel legal issue or one on which courts have provided conflicting opinions. *See Golembiewski*, 382 F.3d at 724; *Marcus v. Shalala*, 17 F.3d 1033, 1037 (7th Cir. 1994). Instead, the ALJ misapplied established law when both the RFC assessment and the hypothetical questions failed to acknowledge limitations fully documented in the record. The Commissioner then compounded those errors by defending them in court. In light of these shortcomings, the Commissioner cannot show that her position was substantially justified.

The district court abused its discretion in finding that the Commissioner's position was substantially justified. Accordingly, we REVERSE the order denying Young's application for fees. The Commissioner does not dispute that the fees requested by Young are reasonable, so we REMAND with instructions to award the amount requested.