# In the
# United States Court of Appeals
## For the Seventh Circuit

————————

No. 05-1981

ERIC CUNNINGHAM,

*Plaintiff-Appellant,*

v.

JO ANNE B. BARNHART, Commissioner of
Social Security,

*Defendant-Appellee.*

————————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 02 C 433—**Michael J. Reagan**, *Judge.*

————————

ARGUED DECEMBER 1, 2005—DECIDED MARCH 7, 2006

————————

Before EASTERBROOK, RIPPLE, and KANNE, *Circuit Judges.*

KANNE, *Circuit Judge.* After a lengthy battle with the Commissioner of Social Security, Eric Cunningham was ultimately able to convince the Commissioner that he was entitled to disability insurance benefits. He was unable, however, to convince the district court that he should be awarded attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA"). Cunningham appeals that determination. For the reasons set forth below, we affirm.

## I. HISTORY

Cunningham, a former truck driver, became disabled on January 7, 1998, due to deep vein thrombosis in his right leg and a ruptured disc in his back. He filed an application with the Social Security Administration ("SSA") for disability insurance benefits on January 18, 2000. An administrative law judge ("ALJ") denied benefits on February 12, 2001, after finding Cunningham's allegations of pain and related job limitations not credible. He further discounted the supporting opinions of Cunningham's treating physician, Dr. Ravindranathan, as they relied too much on Cunningham's subjective report of symptoms and limitations, as opposed to objective medical evidence. The ALJ also found the treating physician's opinions were "out of proportion" with other medical evidence. The SSA's appellate council declined review.

Cunningham then proceeded to the district court, where his claim fared better. The district court reversed the Commissioner's final decision and remanded the case for further proceedings. The court found the ALJ did not adequately describe the medical evidence leading to the conclusion that Dr. Ravindranathan's opinions were indeed "out of proportion." The court remanded for "further articulation of the analysis." Furthermore, although the ALJ discounted Cunningham's credibility regarding his subjective complaints of pain and related limitations, the district court found the ALJ did not properly assess Cunningham's credibility.

On February 10, 2005, the district court denied Cunningham's motion for attorneys' fees under the EAJA, finding that "credible portions of the record supported the ALJ's analysis of medical opinions and assessment of lay testimony." This appeal followed. In the meantime, on July 1, 2005, a different ALJ reached a benefits determination fully favorable to Cunningham.

## II. ANALYSIS

The EAJA provides that a successful litigant against the federal government is entitled to recover his attorneys' fees if: 1) he was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there existed no special circumstances that would make an award unjust; and 4) he filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *Krecioch v. United States*, 316 F.3d 684, 688 (7th Cir. 2003). In the instant case, it is undisputed the only issue we need address is whether the government's position was substantially justified.

Attorneys' fees may be awarded if either the Commissioner's pre-litigation conduct or her litigation position lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The ALJ's decision is considered part of the Commissioner's pre-litigation conduct. *Id.* In order for the Commissioner's position to be substantially justified, it must have reasonable factual and legal bases, and there must exist a reasonable connection between the facts and her legal theory. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Golembiewski*, 382 F.3d at 724 (citing *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000)). The Commissioner has the burden of establishing that her position was substantially justified. *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). We review the district court's decision not to award attorneys' fees for an abuse of discretion. *See id.* at 723.

Cunningham argues the ALJ failed to discuss Cunningham's credibility and failed to discuss the factors required by regulation in assessing credibility, such as Cunningham's treatment efforts, medications, and daily activities. *See* Social Security Ruling 96-7p; *see also* 20 C.F.R. § 404.1529(c)(3). Cunningham relies almost exclusively on *Golembiewski* in arguing the Commissioner's

position was not substantially justified. His reliance on this case is misplaced. In *Golembiewski*, "the ALJ's decision contained *no discussion* of credibility . . . ." *Id.* at 724 (citation omitted) (emphasis added). Furthermore, in *Golembiewski*, the Commissioner argued the ALJ's credibility determination could be implied, which was blatantly contrary to the Commissioner's own previous ruling. *See id.* (citation omitted). Moreover, the ALJ in that case mischaracterized the medical evidence and also ignored evidence supporting Golembiewski's claim. *Id.* (citation omitted). All of these issues led us to the conclusion that the Commissioner's position was not substantially justified. *Id.* at 725.

The only similarity between Cunningham's case and *Golembiewski* is the alleged failure of the ALJ to discuss credibility, which is not enough to require the same result. Cunningham does not argue the Commissioner has taken the position that the credibility determination could be implied. Nor has he argued the ALJ mischaracterized evidence or completely ignored evidence. In short, the ALJ's decision in *Golembiewski* contained several significant flaws that are not present in Cunningham's case. The situation in *Golembiewski* is too far removed from Cunningham's to lead to the same result.

Besides, the ALJ *did* engage in a discussion regarding Cunningham's credibility. The ALJ found Cunningham's testimony regarding the intensity and frequency of pain not credible. The ALJ based this determination on the fact that two B-Mode Venous Evaluation Lower Extremities tests were performed that showed an absence of any acute deep vein thrombosis in Cunningham's right leg, findings which contradicted his mere subjective complaints of pain.

Although not explicit, the ALJ appears to have discounted Cunningham's complaint of severe back pain after having found his claims of leg pain and related job limitations were

exaggerated. The district court remanded on this issue, not because the ALJ failed to engage in a credibility determination, but because the ALJ failed to consider other evidence regarding Cunningham's back problems, such as his treatment efforts, medications, and daily activities. Further discussion was indeed warranted because an MRI performed in 1998 showed Cunningham had a herniated disc, a finding the ALJ did address in his opinion. In other words, the ALJ failed to fully explain why Cunningham's credibility regarding his back pain was discounted where the medical evidence supported, rather than contradicted, Cunningham's testimony. It was not that the ALJ failed to engage in any credibility determination as in *Golembiewski*; rather, the ALJ failed to connect all the dots in his analysis.

The ALJ did make a generalization of the other objective medical evidence regarding Cunningham's subjective complaints of back pain, which indicate his pain was not as severe as he testified. Cunningham argues, again relying on *Golembiewski*, the Commissioner's position was based upon facts not relied upon by the ALJ, as he did not explain or cite to the other objective evidence. Here again, *Golembiewski* is far too different a situation from Cunningham's to lend much support. In *Golembiewski*, the Commissioner speculated about why the ALJ rejected Golembiewski's testimony by relying on facts not discussed by the ALJ. *Id.* at 724.

In Cunningham's case, the ALJ did generally mention the objective medical evidence. He also noted the results of the neurological tests performed on Cunningham were normal. Also, there was medical evidence in the record to support the ALJ's conclusion, even though it was not fully explained. For example, Drs. Oh and Pardo concluded Dr. Ravindranathan's opinion was "not supported by the objective evidence." Furthermore, several physicians, including Dr. Ravindranathan, noted the absence of abnormal neurological findings, combined with normal

sensation and reflexes and no muscle atrophy. In effect, Cunningham is arguing the ALJ should have credited his own physician's opinions over the opinions of the state agency physicians. However, we may not reweigh the evidence or substitute our judgment for that of the Commissioner. *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001) ("When treating and consulting physicians present conflicting evidence, the ALJ may decide whom to believe, so long as substantial evidence supports that decision.") (citation omitted); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Even though the ALJ does not cite specifically to this objective evidence, the evidence is included in the record, and the ALJ makes a general reference to it. The medical evidence supports the ALJ's decision, although he did fail to adequately explain the connection. *Stein v. Sullivan*, 966 F.2d 317, 319-20 (7th Cir. 1992) ("The requirement that the ALJ articulate his consideration of the evidence is deliberately flexible . . . . That the ALJ failed to meet this articulation requirement in no way necessitates a finding [that] the Secretary's position was not substantially justified.") (citations omitted). This is not a case in which the Commissioner's position is based on speculation with no support in the record. We have no trouble concluding the Commissioner's position was substantially justified, even though the ALJ was not as thorough in his analysis as he could have been.

### III.  CONCLUSION

For the reasons set forth above, the decision of the district court is AFFIRMED.

A true Copy:

    Teste:


                                _____

                                ***Clerk of the United States Court of Appeals for the Seventh Circuit***