**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued February 28, 2006
Decided April 4, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-2010

|  |  |
|---|---|
| KATHLEEN KUSILEK, | Appeal from the United States District Court for the Western District of Wisconsin |
| *Plaintiff-Appellant,* | |
| *v.* | No. 04-C-310-C |
| JO ANNE B. BARNHART, | Barbara B. Crabb, |
| *Defendant-Appellee.* | *Chief Judge.* |

**ORDER**

Kathleen Kusilek appeals the district court's decision denying attorneys' fees under the Equal Access to Justice Act ("EAJA") after she received a favorable decision from the district court reversing and remanding the Social Security Administration's ("SSA") denial of disability benefits.  Because the district court did not abuse its discretion in finding the Commissioner's position substantially justified, we affirm.

Kusilek applied for disability benefits in 2001, claiming that she had been disabled in a car accident that caused a compression fracture of her T-12 vertebra and back pain.  In denying Kusilek's application, an administrative law judge applied the five-step analysis of 20 C.F.R. § 404.1520(a)(4)(i)--(v) to find that Kusilek had not engaged in substantial gainful employment since the alleged onset of her disability (step 1); that she had severe impairments including back pain and

adjustment disorder with depressed mood (step 2); but that her impairments did not qualify alone, or in combination, as a listed impairment (step 3). After determining that Kusilek had the residual functional capacity ("RFC") "to work only in a controlled environment; and to perform only unskilled or simple semi-skilled work," the ALJ concluded that she could not perform her past relevant work (step four), but could perform other work in the national economy (step five).

In determining that Kusilek could perform other work in the national economy, the ALJ relied on the response given by a vocational expert ("VE") to a hypothetical question he posed. When the ALJ asked whether jobs existed in the economy for an individual with Kusilek's RFC, given her age, education, and experience, the VE estimated that such an individual could work as a telemarketer (3000 jobs), security monitor (1000 jobs), or information clerk (1500 jobs). Based on this testimony, the ALJ found Kusilek not disabled. The Social Security Appeals Council denied review. But the district court reversed and remanded the case because the ALJ's hypothetical question to the VE failed to adequately account for Kusilek's mental limitations—specifically, her "moderate limitations in concentration, persistence or pace."

As the prevailing party on that issue, Kusilek timely petitioned for attorneys' fees under the EAJA, but the district judge denied her petition because she found the Commissioner's position "substantially justified." Specifically, Chief Judge Crabb found that it was unsettled within our circuit and among the other circuits whether an ALJ must phrase his mental RFC determination and corresponding hypothetical in terms of a plaintiff's particular limitations or whether it is acceptable to construct the RFC/hypothetical in terms of the types of work a plaintiff with such limitations can perform. She concluded that "the commissioner was substantially justified in arguing that the [ALJ] did not err in failing to include in his mental functional capacity assessment all of the mental limitations endorsed by the state agency physician or found by the [ALJ] himself" or "to take the position that in limiting plaintiff to simple, easy-to-learn jobs, the [ALJ] was *de facto* limiting plaintiff to low stress, routine work" (emphasis in original).

The EAJA provides that a district court may award attorneys' fees where: (1) the claimant was a "prevailing party"; (2) the government's position was not "substantially justified"; (3) no special circumstances make an award unjust; and (4) the claimant filed a timely and complete application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003). The Commissioner only disputes that Kusilek meets the second prong.

In order for the Commissioner's position to be substantially justified, it must have reasonable factual and legal bases, and a reasonable connection must exist between the facts and her legal theory. *See Pierce v. Underwood*, 487 U.S. 552, 565

(1988); *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006)*; Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). We consider the reasonableness of both the Commissioner's prelitigation and litigation conduct, making one determination for the whole case. *See Conrad*, 434 F.3d at 990. The Commissioner bears the burden of proving that her position was substantially justified. *See Golembiewski*, 382 F.3d at 724. The district court here determined that the Commissioner met her burden, and we review that decision for an abuse of discretion. *See Pierce*, 487 U.S. at 559; *Golembiewski,* 382 F.3d at 723.

Kusilek argues that the district court abused its discretion in finding the Commissioner's position substantially justified. Specifically, she argues that the ALJ's hypothetical, which limited her to unskilled or simple semi-skilled work, failed to adequately account for her moderate mental limitations in concentration, persistence or pace—limitations that the ALJ credited. These limitations should have been incorporated into the hypothetical, Kusilek argues, because "a hypothetical question to the vocational expert must include all limitations supported by medical evidence in the record." *Young v. Barnhart*, 362 F.3d 995, 1003 (7th Cir. 2004); *see Kasarsky v. Barnhart*, 335 F.3d 539, 543 (7th Cir. 2003). Kusilek further points out that this court has reversed and remanded cases where an ALJ framed a plaintiff's mental limitations in terms of the type of work she could perform (e.g., semi-skilled, routine work) instead of in terms of her specific limitations (e.g., deficiencies in concentration). *See Young,* 362 F.3d at 1002 (ALJ's hypothetical limiting plaintiff to "simple, routine, repetitive, low stress work with limited contact with coworkers and public" was flawed because it did not account for medical opinion suggesting that plaintiff had difficulty taking instructions and responding appropriately to criticism); *Kasarsky,* 335 F.3d at 544 (ALJ's hypothetical inquiring about available work for a plaintiff who "[b]ecause of borderline intelligence . . . is seriously limited, but not precluded from understanding, remembering, and carrying out detailed instructions" was flawed because it failed to account for plaintiff's "*frequent* deficiencies of concentration, persistence, or pace") (emphasis in original).

"Uncertainty in the law arising from conflicting authority or the novelty of the question weighs in the government's favor when analyzing the reasonableness of the [Commissioner's] litigation position." *Marcus v. Shalala*, 17 F.3d 1033, 1037 (7th Cir. 1994); *see also Golembiewski*, 382 F.3d at 724 (Commissioner's defense of ALJ's decision containing no credibility discussion "violated clear and long judicial precedent" and therefore was not substantially justified). Here there is uncertainty in the law regarding the formulation of hypothetical questions accounting for mental limitations. Although Judge Crabb acknowledged the legal authority cited by Kusilek, she went on to note that countervailing authority also existed in this and our sister circuits. Indeed, we have upheld ALJs' findings that plaintiffs with mental limitations can perform "simple" or "semiskilled" work. *See Jens v.*

*Barnhart*, 347 F.3d 209, 212-13 (7th Cir. 2003) (plaintiff capable of semiskilled work even though he "often" had "deficiencies of concentration, persistence or pace"); *Sims v. Barnhart*, 309 F.3d 424, 431 (7th Cir. 2002) (court approved ALJ's finding that plaintiff retained RFC to perform "simple and repetitive light work" even though ALJ found plaintiff "mildly to moderately limited" in her ability to maintain "concentration, persistence, and pace"); *Johansen v. Barnhart*, 314 F.3d 283, 288-89 (7th Cir. 2002) (deeming acceptable RFC assessment finding that plaintiff could perform "repetitive, low-stress work" although he had "moderate" mental limitations). Other circuits have done the same. *See Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) ("ALJ's hypothetical concerning someone who is capable of doing simple, repetitive, routine tasks adequately captures [plaintiff's] deficiencies in concentration, persistence or pace"); *Smith v. Halter*, 307 F.3d 377, 378-79 (6th Cir. 2001) (hypothetical limiting plaintiff to jobs that are "routine and low stress" adequately accounted for plaintiff's "'often'...deficiencies in concentration, persistence, or pace"). In light of these cases, the court correctly concluded that the Commissioner's position was substantially justified.

The judgment of the district court is AFFIRMED.