In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 06-1333

DANUT FLOROIU, ALINA FLOROIU,
and DANIA FLOROIU,

*Petitioners*,

*v.*

ALBERTO R. GONZALES,

*Respondent.*

_____

Petition for Review of an Order of the
Board of Immigration Appeals.
Nos. A95-920-814, A95-920-813, and A95-920-815

_____

ON MOTION FOR ATTORNEY'S FEES AND COSTS

_____

AUGUST 22, 2007

_____

Before RIPPLE, ROVNER and WILLIAMS, *Circuit Judges*.

PER CURIAM. In a previous opinion, we granted the petition for review filed by Mr. and Mrs. Floroiu, Seventh-day Adventists from Romania who, along with their daughter Dania, had been denied asylum, withholding of removal and relief under the Convention Against Torture. *Floroiu v. Gonzales*, 481 F.3d 970, 971 (7th Cir. 2007). We remanded the case and recommended that it

be assigned to a different immigration judge ("IJ"); we did so because we concluded that the original IJ in the Floroius' case had manifested a clear bias against them that had denied them due process of law. *Id.* at 971, 973. The petitioners have now moved for an award of attorney's fees and costs. They seek reimbursement of $7,600 in attorney's fees, which represents 47.50 hours at a rate of $160 per hour. They also request $324 in costs, which includes the filing fee and the cost of making copies. The total award sought is $7,924. For purposes of this opinion, we presume familiarity with our previous opinion.

Private litigants in immigration cases are eligible for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), if they can establish the statutory grounds for an award. *See Muhur v. Ashcroft*, 382 F.3d 653 (7th Cir. 2004). To prevail on a motion for fees under the EAJA, a party must show that: (1) he was a prevailing party; (2) the Government's position was not substantially justified; (3) there existed no special circumstances that would make an award unjust; and (4) he filed a timely and complete application for fees. 28 U.S.C. § 2412(d)(1)(A)-(B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). It is undisputed that the Floroius are prevailing parties, but the Government contends that its position was substantially justified and that the application for attorney's fees is incomplete.

The Government bears the burden of establishing that its position on appeal was "substantially justified." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). A position that is substantially justified is one that is "justified in substance or in the main" or "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

In its memorandum in opposition to the fee request, the Government does not attempt to justify in the slightest its prior position to this court that the IJ may have been "rude and impatient," Respondent's Br. at 41, but remained "impartial[]," *id.* at 42. Indeed, the Government concedes that the IJ's characterization of the petitioners as "religious zealots" was "inappropriate." Respondent's Mem. at 5. Instead, the Government argues that it was substantially justified in defending the IJ's decision on the ground that the petitioners had not established past persecution or a well-founded fear of future persecution. In short, despite the due process violation, the Government contends that it was substantially justified in defending the agency action on the basis of what it contends is the Floroius' ultimate failure to establish statutory eligibility for the relief sought.

The Government's position on this matter rests on a fundamental misunderstanding of the decision of this court. The reason that we were required to remand this case was not that the IJ had made an "inappropriate" comment. *Id.* at 5. Instead, the comment, alongside the other improprieties in the conduct of the hearing that we discussed in our opinion, were evidence of the clear bias of the IJ. That bias "taint[ed] the proceedings, erode[d] the appearance of fairness *and create[d] substantial uncertainty as to whether the record below was fairly and reliably developed*," consequences so severe that they amounted to a deprivation of due process of law. *Floroiu*, 481 F.3d at 974 (emphasis added). The Government's contention that the Floroius' claim fails on the merits does not recognize that, until the taint of bias is removed, there is no basis for *any conclusion whatsoever* about the merits of the Floroius' claim. Therefore, not only was the position of the United States

regarding the due process issue itself not substantially justified, so too is any position that argues from the record developed in those proceedings—before a biased decision-maker—lacking in substantial justification. The Government's position, therefore, was not simply incorrect; it was unreasonable. *See Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994) (stating that a position is substantially justified if a reasonable person could believe it correct and citing *Pierce*, 487 U.S. at 566 n.2); *see also Golembiewski*, 382 F.3d at 725 (noting that our recommended reassignment of a case to a different Administrative Law Judge and firm condemnation of the agency's position, as occurred in this case, both support the conclusion that the Government's position lacks substantial justification).

Moreover, as we have noted, it is the Government's burden to establish that its position was substantially justified. In its response, the Government does not cite a single authority in support of its position. As outlined above, our independent review of this case, in light of the EAJA standards, confirms to us that this is an appropriate circumstance for an award of fees.

The Government also argues that, if fees are awarded, the petitioners should not recover their fees at the $160 per hour rate requested because that rate exceeds the statutory maximum. The maximum statutory rate for a fee award under the EAJA is $125 per hour, 28 U.S.C. § 2412(d)(2)(A)(ii), but the statute does permit a court to award higher rates; a higher rate may be appropriate only when "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*; *see also Raines v. Shalala*, 44 F.3d 1355, 1360-61 (7th Cir. 1995).

In support of his request for a higher fee, the petitioners' attorney states that he has twenty years of experience in immigration law and is a member of an association of immigration lawyers. Petitioners' Mtn. at 4. We have endorsed the view that attorneys with specialized immigration experience may be entitled, in certain cases, to an award in excess of the statutory maximum. We have suggested such an award may be appropriate when a petitioner demonstrates that his attorney brought "relevant expertise to a case, such as knowledge of foreign cultures or of particular, esoteric nooks and crannies of immigration law, in which such expertise is needed to give the alien a fair shot at prevailing*." Muhur*, 382 F.3d at 656. Here, we have only counsel's statement of his years of experience in immigration law and a conclusory statement that this case involved "complexities" and extensive "research [of] procedural rules, substantive and constitutional law." Aff't. at 1. We do not consider this blanket statement of the difficulty of the issues presented and the years of experience of the practitioner involved sufficient to justify piercing the statutory ceiling. *See Johnson v. Gonzales*, 416 F.3d 205, 213 (3d Cir. 2005) (noting that a case involving straightforward application of established standards, rather than "little-known areas of immigration law or particular knowledge of [the petitioner's] culture-factors" did not justify a fee enhancement). As in *Muhur v. Ashcroft*, 382 F.3d 653 (7th Cir. 2004), this request is unaccompanied by sufficient information regarding the *particular* qualifications of the attorney involved, the manner in which those qualifications were brought to bear on this litigation or information regarding the availability of attorneys with qualifications that would permit them to pursue adequately this case. *Id.* at 214 (denying a fee enhancement to one of the petitioner's attorneys

who had not supported the request with relevant information regarding her qualifications). We therefore recalculate the award at a rate of $125 per hour, which, multiplied by 47.50 hours—a block of time the Government does not challenge and we think reasonable—yields $5,937.50. Adding in the uncontested bill of costs of $324, we award petitioners $6,261.50.

IT IS SO ORDERED

A true Copy:

    Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*