NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois  60604

Submitted October 10, 2008
Decided November 9, 2009

*Before*

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-1848

| | |
|---|---|
| VICKI MURPHY, on behalf of Nathan Murphy, a minor, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiff-Appellant.* | |
| *v.* | |
| | No. 05 C 3044 |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| *Defendant-Appellee.* | Charles P. Kocoras, *Judge.* |

**O R D E R**

After an Administrative Law Judge ("ALJ") denied Supplemental Security benefits ("SSI") for Nathan Murphy, a minor, we held that the ALJ failed to explain and support his disregard of pertinent evidence in finding that Nathan did not demonstrate sufficient impairment to qualify for coverage.  We remanded for further proceedings, and Mrs. Vicki Murphy (Nathan's mother) subsequently filed a petition for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2414(d) ("EAJA").  The district court denied the petition, finding that the government was substantially justified in its position.  We find that the district court did not abuse its discretion in making this determination, and so we AFFIRM.

## I. Background

In November 2001, Mrs. Murphy applied to the Social Security Administration for SSI benefits on behalf of her son , alleging that Nathan suffered from Attention Deficit Hyperactive Disorder and affective mood disorders. At the administrative hearing, the ALJ had Dr. Kenneth Kessler review Nathan's medical records, and Dr. Kessler ultimately confirmed that Nathan exhibited a marked limitation in the domain of "interacting and relating to others." Dr. Kessler also determined that Nathan did not exhibit marked limitations in four out of the five other relevant domains, but stated that he was unable to conclude whether Nathan had a marked limitation in the final domain of "attending and completing tasks." Dr. Kessler recommended obtaining behavioral evaluations from Nathan's school in order to determine whether Nathan suffered from this limitation.

The ALJ supplemented the administrative record with a behavioral assessment along with additional documents from Nathan's school containing surveys from Nathan's teachers regarding his behavioral tendencies and classroom performance. Mr. and Mrs. Murphy also testified about Nathan's "day-to-day moods and behavior." After reviewing this information, but without having Dr. Kessler examine the documentation, the ALJ denied benefits, finding that Nathan did not have a marked impairment in the domain of "attending and completing tasks," and, therefore, was not disabled because he did not meet the requirement of having marked limitations in at least two domains of functioning. The ALJ also commented that Nathan's parents "were not fully credible" because "their complaints were not entirely consistent with the other substantial evidence in the record." The Appeals Council declined to review the ALJ's decision, making the ruling final, and Mrs. Murphy appealed to the district court, which affirmed the ALJ's decision.

Mrs. Murphy then appealed to this court, and we vacated the district court's decision because we found that the ALJ had not explained why he disregarded pertinent evidence in the record. *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007). Specifically, we noted that although the ALJ pointed to evidence in support of his ruling, he did not explain why he disregarded those portions of the school documents that supported a finding that Nathan was disabled. *Id.* at 634-35. We also found that the ALJ's credibility determinations concerning Mr. and Mrs. Murphy were not supported by the administrative record. *Id.* at 635. Similar to the gaps in reasoning noted above, the ALJ "noted, without elaboration" that Mr. and Mrs. Murphy's observations did not comport with the school's records—the same school records the ALJ failed to explain when addressing Nathan's disability determination. *Id.* So we concluded that the ALJ's decision was not supported by substantial evidence. *Id.*

Following remand, Mrs. Murphy filed a petition for attorney's fees under the EAJA, 28 U.S.C. § 2412(d). The district court denied the petition, finding that the ALJ's conclusion that Nathan was not disabled, his decision not to re-contact Dr. Kessler, and his credibility

determination were substantially justified.  With respect to the ALJ's disability finding, the district court found that the ALJ was substantially justified because his assessment of the evidence met the minimal level of articulation.  The court also relied on the fact that our prior opinion did not contain strong language that would support an award of attorney's fees under the EAJA.  The district court determined that the ALJ was substantially justified in reviewing Nathan's behavioral assessment without contacting Dr. Kessler because he was qualified to do so after reviewing the school records.  *See Murphy*, 496 F.3d at 634.   Finally, the district court judge found that the ALJ's credibility finding was substantially justified because he proffered some evidence, albeit minimal, that contradicted Nathan's parents' testimony.  Mrs. Murphy now appeals the district court's denial of her motion for attorney's fees.

## II.        Analysis

### A.        The Legal Framework

The EAJA allows a successful litigant against the United States to recover attorney's fees provided that: (1) the litigant was a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there existed no special circumstances that would make an award unjust; and (4) the litigant filed a timely application with the district court.  28 U.S.C. § 2412(d)(1)(A)-(B); *Krecioch v. United States*, 316 F.3d 684, 688 (7th Cir. 2003).  The only issue on appeal is whether the government's position was substantially justified, which the Commissioner bears the burden of proving. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). We review the district court's denial of a petition for attorney's fees and costs for an abuse of discretion. *Pierce v. Underwood*, 487 U.S. 552, 562 (1988).

Attorney's fees may be awarded if the Commissioner's pre-litigation conduct or his litigation position lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).  The ALJ's decision is considered part of the Commissioner's pre-litigation conduct.  *Id.*  The Commissioner's position is substantially justified if his conduct has a "reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct." *Golembiewski*, 382 F.3d at 724 (citing *Marcus*, 17 F.3d at 1036).  "Substantially justified does not mean justified to a high degree, but rather has been said to be satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (citation and internal quotation marks omitted).  Stated another way, the substantial justification standard means that the ALJ was "justified in substance or in the main—that is, justified to a degree that could easily satisfy a reasonable person." *Pierce*, 497 U.S. at 565-66 (1988).

### B.        Mrs. Murphy's "Strong Language" Argument

Mrs. Murphy first argues that the district court used an erroneous legal standard in

finding that the Commissioner was substantially justified. Specifically, she claims that the district court inordinately focused on whether our decision used strong language, instead of recognizing that strong language is just one factor, and not the principal focus of the substantial justification analysis.

As Mrs. Murphy correctly states, in some cases, strong language against the government's position in an opinion on the merits may suggest that the Commissioner's position was not substantially justified. *See Marcus*, 17 F.3d at 1038. Here, however, it is clear that the district court was simply addressing Mrs. Murphy's own argument when discussing the lack of "strong language" in our merits opinion, and was not under the mistaken impression that strong language was the only method of showing a lack of substantial justification. The court compared the language used and the errors we identified in our decision to those found in a similar case, *Golembiewski v. Barnhart,* 382 F.3d 721, 724 (7th Cir. 2004). This comparison illustrated that our previous decision in this case did not contain the same "admonishing language" used to describe the severe errors found in *Golembiewski*.[1] The district court did not use language suggesting that strong language was the *only* way to support an award of attorney's fees; instead, the court recognized that it was *one* factor that supports a claim for fees and assessed it accordingly. The fact that the district court analyzed this particular factor and disagreed with Mrs. Murphy does not amount to an abuse of discretion.

### C.    No Showing of a Lack of Substantial Justification

Mrs. Murphy next contends that the ALJ's decision violated our precedent and the Commissioner's own regulations, and therefore was not substantially justified. Essentially, Mrs. Murphy appears to argue that the ALJ did not adhere to well-established law because he failed to *fully* develop the record and *adequately* articulate his analysis, and that the government was not substantially justified in defending the ALJ's ruling. Again, we cannot agree with Mrs. Murphy. In our previous opinion, we found that the ALJ did not "sufficiently explain" his disregard for pertinent evidence that was inconsistent with his disability finding, and expressed our concern that he noted, "without elaboration," that Murphy's testimony was inconsistent with parts of the record. *See Murphy*, 496 F.3d at 635. These are errors of articulation, which we have held "in no way necessitate a finding [that] the [government's] position was not substantially justified" because the "requirement that the ALJ articulate his consideration of the evidence is deliberately flexible." *Stein*, 966 F.2d at 319-320. In *Stein,* we found that although the judge failed to consider some of the evidence in the record, his argument was supported by other evidence and so the government was substantially justified in its position. *Id.* The

---

[1] Specifically, the *Golembiewski* court noted that in its preceding merits opinion, it had urged the Commissioner to assign the matter to another ALJ and had "closed with an additional observation," admonishing the ALJ to consider the aggregate of the plaintiff's "host of medical conditions." 382 F.3d at 725.

same goes for this case. Although the ALJ failed to consider evidence concerning a disability finding and did not sufficiently explain his credibility determination, there was still *some* discussion and *some* evidence in the record that supported his position; "this is not a case in which the Commissioner's position is based on speculation with no support in the record." *Cunningham v. Barnhart*, 440 F.3d 862, 865 (7th Cir. 2006). "Substantially justified does not mean justified to a high degree, but rather has been said to be satisfied . . . if reasonable people could differ as to the appropriateness of the contested action." *Stein*, 966 F.2d at 320 (citing *Pierce*, 487 U.S. at 565 (internal quotation marks omitted). Here, some evidence supported the ALJ's disability and credibility determinations, and since that evidence was noted by the ALJ, we cannot say that the district court abused its discretion in finding that reasonable people could differ as to the appropriateness of the ALJ's decision, even though his articulation of that decision was minimal. *See Stein*, 966 F.2d at 320 (finding no abuse of discretion even though "the Secretary failed to consider, or at least failed to articulate that he considered" contrary evidence); *Cunningham*, 440 F.3d at 865 (finding no abuse of discretion because the medical evidence supported the ALJ's decision).

### D.      The Permissible Reevaluation of Underlying Merits

Last, Mrs. Murphy argues that the district court abused its discretion by reassessing the underlying merits of the SSI benefits application rather than evaluating the errors we previously found in the ALJ's decision. However, because the Commissioner also relies on the evidence used by the ALJ, the district court must also, at some point, consider this evidence when assessing the government's pre-litigation and litigation positions to determine whether these positions are substantially justified. The district court must necessarily go beyond our opinion and examine the ALJ's decision and the evidence he used; the substantial justification standard used to determine EAJA fees differs from the substantial evidence standard used in our previous opinion, so the basis for the government's position must be analyzed with this less demanding standard in mind. *See Cummings v. Sullivan*, 950 F.2d 492, 498 (7th Cir. 1991). To the extent that the district court "reassessed" the underlying merits of the application, it only did so to determine whether that the evidence used by the ALJ, and relied upon by the Commissioner, was sufficient to create a genuine dispute, which is part of a substantial justification analysis. *See Stein*, 966 F.2d at 320. The district court's evaluation of the underlying merits was limited to the evidence considered by the ALJ, which is a necessary component in determining if the government was substantially justified in defending the ALJ's ruling because it shows that the Commissioner's position was not "based on speculation with no support in the record." *Cunningham*, 440 F.3d at 865. Notably, the district court stated at the outset of its analysis that although it would focus on the ALJ's actions, it would not "ignore the Seventh Circuit's findings." A reading of the district court's decision shows that it did not ignore the errors we found with the ALJ's analysis, but in fact used those errors as a starting

point when assessing the government's pre-litigation and litigation positions. With regard to the disability finding, the district court analyzed our opinion and reasoned that it did not contain strong language suggesting a lack of substantial justification, and that the articulation errors we assigned to the ALJ did not compel a finding that the government was not substantially justified. This analysis was essential to the issues before the court and was not a reevaluation of the underlying merits. Therefore, we find no abuse of discretion in the district court's assessment of the evidence or in any of its conclusions.

### III.        Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.