NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 10-1471

———

MARIA DIAZ,
Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-07-cv-00790)
District Judge: Hon. Stanley R. Chesler

———

Submitted Under Third Circuit LAR 34.1(a)
November 8, 2010

Before: McKEE, Chief Judge, SLOVITER and COWEN, Circuit Judges

(Filed: November 12, 2010)

———

OPINION

———

SLOVITER, Circuit Judge.

This is the second time this matter has come before us. In *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (*Diaz I*), we held that the District Court erred when it affirmed the ALJ's determination that failed to consider the effect of Maria Diaz's obesity in combination with her other impairments in denying her application for disability benefits. Following our remand, the ALJ found Diaz was totally disabled as of an onset date more than two years earlier than previously found. As the "prevailing party," Diaz moved in the District Court for her attorney fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). The District Court denied that request and Diaz appeals.[1] We review that denial for an abuse of discretion.[2]

**I.**

---

[1] Although Diaz appeals only the denial of her motion for reconsideration, we construe notices of appeal liberally, *Smith v. Barry*, 502 U.S. 244, 248 (1992), and may exercise appellate jurisdiction "over orders not specified in the notice of appeal if there is a connection between the specified and unspecified order, the intention to appeal the unspecified order is apparent and the opposing party is not prejudiced and has a full opportunity to brief the issues." *Williams v. Guzzardi*, 875 F.2d 46, 49 (3d Cir. 1989). There is a connection between the motion for reconsideration and the unspecified underlying order denying her attorney fees; Diaz's notice of appeal references that denial, indicating an intent to appeal therefrom; and both parties have briefed fully the merits of the underlying order. Our review of that order will not unfairly prejudice the Government.

[2] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

2

"[T]he specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Astrue v. Ratliff*, 130 S.Ct. 2521, 2530 (2010) (internal quotation marks omitted). It requires a court upon timely motion to award the prevailing party its fees and other expenses incurred in any civil action, unless the court concludes that the Government's position in all phases of the litigation "was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Government's "position" includes its position taken in litigation and the agency position that made the litigation necessary. *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993).

A position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). It is the Government's burden to demonstrate its position was grounded in a reasonable basis in fact and law with a reasonable connection between the two. *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998). A court cannot assume that the Government's position was not substantially justified simply because the Government lost on the merits. *Id.* at 685. Although the Government's success or failure on the merits at each level is indicative of whether its position was substantially justified, it is not dispositive. *Pierce*, 487 U.S. at 569.

## II.

In vacating the District Court's affirmance of the ALJ's denial of Diaz's claim, we

3

concluded we were unable to ascertain "whether the ALJ truly considered competing evidence, and whether a claimant's conditions, individually and collectively, impacted her workplace performance." *Diaz I*, 577 F.3d at 506. With regard to the ALJ's disability analysis at step three, we stated the ALJ had failed to provide an explanation of its reasoning sufficient to enable meaningful appellate review. We stated,

> [T]he District Court's critical determination–that the ALJ's citation of reports by doctors who were aware of Diaz's obesity sufficed–was error. Were there *any* discussion of the combined effect of Diaz's impairments, we might agree with the District Court. However, absent analysis of the cumulative impact of Diaz's obesity and other impairments on her functional capabilities, we are at a loss in our reviewing function.

*Id.* at 504.

We further noted that we found it "particularly troubling" that the ALJ dismissed, without explanation, a physician's medical opinion regarding Diaz's severe arthritis, because that diagnosis was supported by probative evidence in the record. *Id.* at 506. We instructed the ALJ on remand to "reconsider this condition, and its severity, alone and in combination with [Diaz's] other impairments." *Id.* As noted above, ultimately, Diaz prevailed on the merits of her claim.

In opposing Diaz's request for fees under the EAJA, the Government argued that because the District Court had initially affirmed the ALJs's decision on the merits, the Court must have determined that the Government's position was substantially justified. Diaz argued to the contrary, i.e., that this court's decision vacating and remanding the case for further consideration demonstrated that the Government's position was in fact

4

not substantially justified. The District Court stated that "both sides ha[d] a point" and examined our decision to decide the issue. App. at 28. The Court construed our decision as follows:

> Without a doubt, the Third Circuit stated that this Court erred. But this Court's having erred does not mean that the Commissioner erred, or that the Government erred as a litigant. And the Third Circuit did not say that the Commissioner erred. Rather . . . the Third Circuit concluded that it could not ascertain from the ALJ's written decision whether he had erred.

App. at 29.

The District Court thus concluded that the fact that the District Court had previously affirmed the ALJ's decision demonstrated that the Government's position was substantially justified.

The District Court misread our decision in *Diaz I* where we concluded in strong language that the ALJ erred as a matter of law in failing to develop the record. This is highly relevant to the inquiry into substantial justification. *See Golembiewski v. Barnhart*, 382 F.3d 721, 725 (7th Cir. 2004) (strong language in merits opinion is relevant to establishing lack of substantial justification).

In our prior decision we held that the ALJ failed to explicitly discuss Diaz's obesity at step three as required by *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000) ("this Court requires the ALJ to set forth the reasons for his decision;" ALJ must provide "discussion of the evidence and an explanation of reasoning" to enable meaningful judicial review). *Diaz I*, 577 F.3d at 503-04. We rejected the Government's

5

defense of the ALJ's error based on *Rutherford v. Barnhart*, 399 F.3d 546 (3d Cir. 2005). We noted in *Diaz I*, the claimant in *Rutherford* "did not assert obesity as an impairment, nor did the ALJ note, or discuss, it." *Diaz I*, 577 F.3d at 504. We noted in *Diaz I* that Diaz consistently asserted her obesity in connection with her claim. *Id.*

We further concluded that the ALJ improperly dismissed evidence of Diaz's severe arthritis without explanation in violation of *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) ("When a conflict in evidence exists, the ALJ may choose whom to credit but 'cannot reject evidence for no reason or the wrong reason.' The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects.") (internal citation omitted). *Id.* at 505-06. We found the ALJ's error "particularly troubling," and we directed the ALJ on remand to reconsider the issue. *Id.* at 506. We also noted that the Government's argument in support of the ALJ's error was based upon facts not relied upon by the ALJ. *Id.* at 506 n.5.

The clearly established case law of *Burnett* and *Plummer* required the ALJ to develop the record sufficient to permit meaningful appellate review. And "general principles of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the agency's decision that were not given by the ALJ." *Golembiewski v. Barnhart*, 322 F.3d 912, 916 (7th Cir. 2003); *see Fargnoli v. Massanari*, 247 F.3d 34, 44 n.7 (3d Cir. 2001) ("[T]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.")

(internal quotation marks omitted). As a result of the ALJ's failure to develop the record here and to follow our precedent, Diaz was obliged to litigate her claim through the agency and the courts. The Government has not provided a persuasive reason that justifies the agency's position and its defense thereof. We thus conclude that the Government lacked substantial justification for its decision.

Justice Brennan stated in his concurring opinion in *Pierce*,

> Concerned that the Government, with its vast resources, could force citizens into acquiescing to adverse Government action, rather than vindicating their rights, simply by threatening them with costly litigation, Congress enacted the EAJA, waiving the United States' sovereign and general statutory immunity to fee awards and creating a limited exception to the "American Rule" against awarding attorneys fees to prevailing parties. S. Rep. No. 96-253, pp. 1-6 (1979) (S. Rep.).

487 U.S. at 575. Based on our review of the record, we conclude that Diaz is entitled to recover her fees and costs. The District Court abused its discretion in concluding otherwise. Accordingly, we will reverse the District Court's judgment denying Diaz' fees and we will remand for the Court to award an appropriate attorneys fee.[3]

---

[3] The EAJA permits recovery for attorney fees at a rate of $125 per hour with a cost of living adjustment. It provides:

> "[F]ees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of

7

## III.

For the foregoing reasons, we will reverse the judgment of the District Court.

---

the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)[.]

28 U.S.C. § 2412(d)(2)(A).